German Ins. Co. *v.* Seibert.

## GERMAN FIRE INSURANCE COMPANY *v.* SEIBERT.

[No. 3,031.   Filed March 8, 1900.]

COMPLAINT.—*Objections Made for First Time on Appeal.—Insurance.*— Where a complaint in an action on an insurance policy for the value of certain wearing apparel showed that there had been an adjustment of the loss on household furniture, an objection that it contained no averment as to the value of property adjusted is unavailable when made for the first time on appeal.  *p. 280.*

INSURANCE.—*Policy.—Construction.*—Where a fire insurance policy of $850 contained a clause designating the insurance as follows, "$800 on household and kitchen furniture,  * * * * * * * * all while contained in the above described building, and $... on family wearing apparel, while contained," etc., the insured was entitled to recover indemnity for loss to wearing apparel.  *p. 281.*

SAME.—*Partial Settlement.—Complaint.*—Where a complaint on an insurance policy for loss of wearing apparel showed that there had been an adjustment on household furniture, it was not necessary to allege that plaintiff had refunded or offered to refund the benefits received by the settlement.  *pp. 281, 282.*

SAME.—*Proof of Loss.—Waiver.*—The denial of liability for loss under an insurance policy by the company's adjuster amounts to a waiver of proof of loss.  *p. 282.*

SAME.—*Compromise and Settlement.*—In an action on an insurance policy for a fire loss it appeared that an adjustment was made and plaintiff had receipted for the amount paid him as in full settlement and compromise of the claims for loss and damages by fire under the policy in suit.  *Held,* that a judgment for plaintiff was contrary to law, in the absence of fraud or mistake in the settlement. *pp. 282, 283.*

From the Lake Superior Court.  *Reversed.*

*N. L. Agnew, D. E. Kelly, B. Borders* and *L. Becker,* for appellant.

*Stinson Bros. & Reading,* for appellee.

COMSTOCK, J.—Appellee (plaintiff below) brought this action to recover a balance which he alleged to be due him on a policy of insurance against fire issued by appellant upon his household goods and wearing apparel.   The policy was made a part of the complaint.   Appellant answered in three

paragraphs: The first, a general denial; the second, payment; the third, a settlement and payment of the amount found due. The cause was submitted to the court for trial, which resulted in a judgment in favor of appellee for $387. Upon this appeal two questions are discussed: (1) The sufficiency of the complaint; (2) the overruling of appellant's motion for a new trial.

The complaint, in substance, alleges that the defendant is indebted to plaintiff in the sum of $387 on family wearing apparel, as covered by a certain fire insurance policy (No. 1,010), which is made an exhibit to the complaint, which policy was executed by defendant, through its agents, for a consideration of $4.25, and by which policy defendant undertook to insure the plaintiff's furniture, wearing apparel, etc., against loss by fire, in the sum of $850. That said furniture, etc., was destroyed by fire April 8, 1898, while the policy was in force; that plaintiff has performed his part of the contract; that plaintiff was the owner of the furniture, etc., at the time the policy was issued, and at the time of the fire; that there has been an adjustment of the loss with reference to the furniture destroyed, but no adjustment with reference to the wearing apparel covered by the policy. The complaint also avers that an itemized statement of the furniture destroyed is filed with the complaint as Exhibit B, and that an itemized statement of the value of the wearing apparel is filed with the complaint as Exhibit C.

The objections urged to the complaint are (1) that it contains no averments as to the value of the property adjusted; (2) that it does not show that the wearing apparel and trinkets were covered by the policy. The complaint alleges that the appellant is indebted to appellee in the sum of $387 because of its failure to reimburse him for the loss of his property by fire. The law presumes that property destroyed by fire is of some value. *Aetna Ins. Co.* v. *Black*, 80 Ind. 513. A motion to make the complaint more specific would no doubt have been sustained by the court. This objection to the complaint is not well taken.

German Ins. Co. *v.* Seibert.

Was the wearing apparel covered by the policy? The following is the printed slip attached to the policy, designating the distribution of the amount of the insurance,—$850.

"$..Nothing on the one-story shingle-roofed frame building, with adjoining additions, while occupied as a dwelling-house and situated No. 335 Sohl street, to the city of Hammond, Lake County, Indiana.

"$800 on household and kitchen furniture,   *   *   *   all while contained in the above described building, and

"$...on family wearing apparel while contained, etc.

"$...Nothing on piano while contained, etc."

The use of the conjunction "and," written at the conclusion of the description of the household furniture, justified the trial court in construing the policy as providing for the loss of the wearing apparel, together with the furniture, in the sum of $800; the indemnity to be paid upon the property described in the two clauses as the loss should appear.

It is further urged against the complaint that as it shows that there had been a settlement between appellant and appellee, that it should also aver that appellee had refunded, or offered to refund any benefits he received from said settlement; that it fails to do this. The averment to which appellant's counsel refer is as follows: "Plaintiff further says that there has been an adjustment with reference to furniture destroyed,   *   *   *   but there has been no adjustment with reference to the family apparel, trinkets, etc."

The averment of an adjustment is thus limited to the household goods. The court did not err in overruling the demurrer to the complaint.

Appellant's counsel next discuss the action of the court in overruling its motion for a·new trial, and insist that the evidence fails to show that the appellee furnished any proof of loss of wearing apparel, as required by the conditions of the policy. The evidence shows that appellant, through its adjuster, denied any liability for the clothing destroyed, and declined to receive a list of the same made out by appellee.

German Ins. Co. *v.* Seibert.

A condition of the policy required the insured to render to the company within sixty days after the date of the fire a sworn statement showing the cash value of each article of property destroyed. The denial of any liability for destruction of wearing apparel upon the part of the company amounted, under numerous decisions, to a waiver of proof of loss as to such property. *Western Assurance Co.* v. *McCarty,* 18 Ind. App. 449, and authorities there cited.

Next in the order of the questions discussed, "was there a settlement of the claim in suit?" As hereinbefore stated, the third paragraph of appellant's answer pleaded a settlement and compromise of all matters and things in dispute between the parties, including the claim sued on herein, and that upon settlement it was agreed that the sum of $256, and no more, was due appellee, and that this amount was before the commencement of the suit paid to and accepted by appellee in full satisfaction of everything due him from the appellant. Appellee did not demur nor reply to this answer. We have read with care the voluminous evidence. It clearly appears that, while appellee claimed indemnity for the wearing apparel destroyed, all liability under the policy for such loss was denied by the insurance company. The adjuster and the local agent of the company, in the presence of the insured, made out a list of household property destroyed, and made an estimate of the loss thereon. The omission of the clothing from the estimate and the value fixed upon the household goods, were both unsatisfactory to the insured. The local agent, in the interest of his business, wanted the company to allow for the wearing apparel; and finally, after explanations to the insured, the adjuster agreed to allow an amount equal to $100 for the clothing, by increasing the allowance made for the household goods to that extent. The estimate for the household goods had been $156. This addition made the total $256. It is in evidence, uncontradicted, that the insured said that he was satisfied with this adjustment. The amount

.was paid the insured. He receipted for the amount as in full settlement and compromise of the claims for loss and damages by fire under the policy in suit. He did not deny that he understood the contents of the receipt. The foregoing facts are not disputed. It does not appear that fraud was practiced to induce him to enter into the compromise, and in the light of the evidence it is difficult to see how he was mistaken or misled. The fact that he said, after receipting for the money which he received, that he had only waited until he got the money, that he "intended to fix the company", would indicate that he was not misled. The receipt for $256 in full payment and satisfaction of this claim under the policy was prima facie evidence of full settlement. The undisputed evidence that he said he was satisfied with the amount agreed upon, after the data upon which it was based were explained to him, and which amount he afterwards received, established a settlement binding upon him, unless avoided by proof of fraud or mistake. In the absence of such proof, the judgment of the court was contrary to law.

One of the reasons for a new trial is that the judgment of the court is contrary to law. Other questions argued may not arise upon another trial, and they are not, therefore, considered. The judgment is reversed, with instruction to the trial court to sustain appellant's motion for a new trial.