## OHIO FARMERS INSURANCE COMPANY *v.* VOGEL.

[No. 20,777.   Filed February 23, 1906.]

1. INSURANCE.—*Proofs of Loss.—Waiver.—Denial of Liability.*— A denial of liability by an insurance company, within the time fixed for filing proofs of loss, is a waiver of such company's right to such proofs.   p. 243.

2. SAME. — *Adjusters. — Authority to Deny Liability.* — Where plaintiff notifies defendant insurance company of his loss and defendant sends its adjuster to investigate the loss, his denial of the company's liability is a waiver by the company of its right to proofs of loss.   p. 243.

3. SAME.—*Conditions Broken.—Acceptance and Retention of Premiums with Knowledge.*—The denial by an insurance company of liability on a fire policy because of a condition broken, when it knew of such fact upon the delivery of the policy and receipt of the premium and while it has retained such premium, is inequitable and unconscionable.   p. 244.

4. CONTRACTS.—*Execution.—Enforcement.—Duty of Courts.*—It is not the province of a court to make contracts for the parties to an action, but to enforce the contracts made by them. p. 245.

5. INSURANCE.—*Policies.—Construction.*—Insurance policies are construed like other contracts. p. 245.

6. SAME.—*Policies.—Forfeitures.—Knowledge of Breach.*—Where an insurance company delivers a policy and accepts the premium with a knowledge that a condition thereof, whose breach is a cause for forfeiture, is broken, such company can not enforce a forfeiture on account of such breach. p. 245.

7. SAME. — *Conditions. — Forfeiture. — "Void." — "Voidable." — Election.*—The breach of a provision in an insurance policy that such policy shall be "void" if the building insured now is or shall hereafter be occupied by a tenant, does not render such policy void but merely voidable at the election of such company; and, such election having been made, the company is bound thereby. p. 246.

8. SAME.—*Conditions.—Forfeiture.—Retention of Premiums.—Election.*—Retention of the premium on a fire policy after knowledge of the breach of a condition giving a right of forfeiture, is an election to disregard such breach and continue such policy. p. 246.

9. SAME. — *Conditions. — Forfeiture.—Election.—Effect on Construction.*—Where the company elects to disregard a breach of a condition and to continue the policy in force, such policy is construed as though such condition had never been in such policy. p. 246.

10. SAME.—*Policies.—Form of.—Use for Different Character of Risk.—Construction.*—Where a fire policy intended to cover property occupied by the owner, and providing that it shall be void if such property shall become unoccupied, or occupied by a tenant, and such policy is used to insure a house exclusively used by tenants, the company knowing such fact, such provisions for forfeiture are not applicable. p. 246.

11. SAME.—*Vacancy.—Forfeiture.—Construction.*—Vacancy provisions in fire policies are construed according to the character or class of the property insured. p. 248.

12. SAME. — *Vacancy. — General Provisions. — Construction.* — Where a fire policy is taken on tenement property, a provision for forfeiture in case of vacancy must be presumed to operate only after a reasonable period has elapsed in which to obtain other tenants. p. 248.

13. APPEAL AND ERROR.—*Weighing Evidence.*—Where there is evidence tending to support the verdict, the judgment thereon will not be disturbed on appeal. p. 250.

From Scott Circuit Court; *Willard New,* Judge.

Action by Henry Vogel against the Ohio Farmers Insurance Company. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court under subd. 2, §1337j Burns 1901, Acts 1901, p. 565, §10. *Affirmed.*

*Guilford A. Deitch* and *Seba A. Barnes,* for appellant.
*William T. Branaman* and *O. H. Montgomery,* for appellee.

HADLEY, J.—Appellee sued appellant to recover damages for the loss by fire of a dwelling-house, insured by the latter. The policy of insurance contained a condition in these words:

> "This entire policy, unless otherwise provided by agreement indorsed hereon, or added thereto, shall be void if the insured now has, or shall hereafter make or procure, any other contract of insurance, * * * or if the buildings insured herein, or any of them, now are, or shall hereafter become, vacant, or unoccupied, or occupied by tenants."

We assume, as stated by appellant in its brief, that the second paragraph of complaint was abandoned and the trial was had upon the first paragraph, to which a demurrer was overruled. There were nine paragraphs of answer, but the controlling issue was formed on the fifth. This answer was in effect that it was provided in said policy of insurance—a copy of which is filed—that the entire policy, unless otherwise agreed to and indorsed thereon, shall be void if the building insured now is, or shall hereafter become vacant or unoccupied. After the issuance of said policy said insured building became vacant and unoccupied, and was vacant and unoccupied at the time it was burned. It is also alleged that the vacancy and unoccupancy was without the knowledge and consent of the defendant and without an agreement indorsed on the

policy, and defendant was wholly ignorant of the fact that said building was vacant and unoccupied at the time of the fire. To this fifth paragraph of answer appellee replied in substance as follows: He admits that there was in the policy a stipulation or condition that the policy should be void if the insured building was then, or should thereafter become, vacant, or unoccupied, or occupied by tenants, and if the hazard be increased by any means within the insured's control, unless otherwise provided by agreement indorsed on the policy. And it is further averred that the house so insured was at the time of the execution of said insurance contract occupied by a tenant, which fact was then and there fully known by defendant, and the same was insured to be occupied by a tenant, and as a tenant house; that a general custom prevailed with the defendant and other insurance companies doing business in the community to grant a permit for insured buildings to be temporarily vacant and unoccupied for a period of thirty days, during changes of tenants; that the contract was entered into with full knowledge and with reference to such custom; that the insured house continued to be occupied by said tenant until 5 o'clock p. m. of the day it was destroyed, with the full knowledge and consent of the defendant, at which time said tenant, without any order or direction from the plaintiff, and without his knowledge or consent, removed therefrom; and four hours thereafter, and before plaintiff had learned of such removal, or had had reasonable time in which to learn of it, and while he was wholly ignorant of the fact, the same was, without plaintiff's fault or knowledge, destroyed by fire, as alleged in the complaint. It is further alleged that the risk was not increased by plaintiff at any time in any manner or by any means. Plaintiff's demurrer to the fifth paragraph of answer was overruled, as was also the defendant's demurrer to the plaintiff's reply. Verdict and judgment for appellee.

Appellant's assignment calls in question the overruling of his demurrers and of his motion for a new trial.

The only objection presented to the complaint is "that there is no sufficient allegation of facts to show a waiver of proofs of loss." Relating to this subject the 1. complaint avers "that within sixty days after said fire plaintiff notified defendant of the same and of his said loss; that defendant's agent and adjuster came and looked at the premises, investigated said loss, and thereupon refused payment of the same, and denied all liability under said policy, and thereby waived the written notice and sworn proofs of the loss provided for in said policy in case of damage or destruction of property by fire; that the plaintiff has performed on his part all the conditions of said policy of insurance." The principle is old and thoroughly established that when a party repudiates a contract and denies liability under it, the performance of conditions precedent, such as notice, demand, tender and the like, are waived on the ground that the law will not require a thing to be done which the party entitled has excused, or given notice that it will be unavailing. This principle applies to insurance as well as other contracts. Giving effect to this doctrine, it may be considered settled in this State that when an insurance company has been notified of a loss under a policy issued by it and it sends an adjusting agent to inquire into the loss, and such agent, while engaged in or at the conclusion of such business, refuses payment and denies all liability of the company under the policy, such action by the adjuster, if within the time stipulated in the policy for the making of formal proofs of loss, will be held as a waiver of proof of loss by the company.

It was said by this court in *Aetna Ins. Co.* v. *Shryer* (1882), 85 Ind. 362: "There is much diversity of opinion as to whether an adjuster has authority to waive 2. preliminary proof. It would seem that the better reason is with the cases which hold that he has;

for a company that sends an agent to ascertain the nature, cause and extent of the loss, and employs him in that particular line of duty, may well be deemed to have invested him with a general authority in all such matters." See, also, *Germania Fire Ins. Co.* v. *Pitcher* (1903), 160 Ind. 392; *Bowlus* v. *Phenix Ins. Co.* (1892), 133 Ind. 106, 120, 20 L. R. A. 400; *Home Ins. Co.* v. *Sylvester* (1900), 25 Ind. App. 207; *German Fire Ins. Co.* v. *Seibert* (1900), 24 Ind. App. 279; *Ft. Wayne Ins. Co.* v. *Irwin* (1899), 23 Ind. App. 53; *Indiana Ins. Co.* v. *Pringle* (1899), 21 Ind. App. 559; *Home Ins. Co.* v. *Boyd* (1898), 19 Ind. App. 173; *Western Assur. Co.* v. *McCarty* (1897), 18 Ind. App. 449. The demurrer to the complaint was properly overruled.

3. The reply to the fifth paragraph of answer presents a more interesting question. It involves the construction of the vacancy clause in the policy. The contract provides:

"This entire policy, unless otherwise provided by agreement indorsed hereon, * * * shall be void, * * * if the buildings insured herein * * * shall hereafter become vacant, or unoccupied, or occupied by tenants."

The reply avers that at the time of the insurance the house was occupied by a tenant, and that the defendant knew it, and insured the house to be occupied by a tenant and as a tenement. The demurrer admits these averments to be true. Therefore to overthrow the ruling of the court we must hold that the policy was void from the moment of its execution, and that appellant, having knowingly accepted and retained appellee's money, surrendered under an honest belief that he was getting three years valid insurance for the sum parted with, nevertheless is entitled to its judgment for cost. This is not in accord with equity and good conscience. It remains to be seen if it is sanctioned by the law.

We have this anomaly: On the one hand we have a written instrument of insurance, containing a provision that it shall be void if the house insured shall then 4. or thereafter be occupied by a tenant; on the other, we have one party asserting, and the other admitting, that when the instrument was executed both parties knew the house was then occupied by a tenant, and in the execution of the policy both intended that the house should during the life of the policy continue to be occupied by a tenant. It is plain, therefore, that if the policy is enforced according to its terms the court will be found making a contract for the parties very different from the one they made for themselves. This the law never does. Its office is to enforce, not to make contracts.

There is nothing mysterious or peculiarly venerable about the ordinary insurance policy, with its long list of provisions and conditions of defeasance. All these, 5. and singular, must be construed like similar provisions in other written instruments, upon sound and well-established principles—principles that support the integrity of the contract, and that forbid an insurer from taking the money of another for a policy which 6. he knows at the time of delivery contains a provision which, under the facts, will enable him to avoid it, if a loss occurs. Such provisions in insurance policies have been before the courts a great many times, and, so far as we have observed, courts have everywhere, in the absence of fraud, refused to enforce a condition of forfeiture in favor of an insurer who has knowledge of the condition broken when he delivered the policy. One reason is this: having accepted a premium to take the risk of indemnifying the insured against loss, it is incompatible for the insurer to attach to the policy a condition that will from the beginning relieve him of that risk.

Another reason is that, although so expressed in the instrument, a violation of such condition does not in fact

make the policy void, but voidable only, at the election of the insurance company. (*Excelsior Mut. Aid Assn.* v. *Riddle* [1883], 91 Ind. 84), and when an election has been once exercised the company will be confined to its choice. Thus, when appellant learned that the house was occupied by a tenant, it was free to choose between a refusal to issue the insurance because of the occupancy, or to waive the character of the occupancy and undertake the risk for the sum proposed. In short it had the right to elect between two inconsistent courses, and, having chosen one, it will be excluded from all rights and benefits of the other. In such case, in the absence of fraud, it will be conclusively presumed that the insurer, while he keeps the premium, waives the inconsistent provision. *Menk* v. *Home Ins. Co.* (1888), 76 Cal. 50, 14 Pac. 837, 18 Pac. 117, 9 Am. St. 158; *Caldwell* v. *Fire Assn.* (1896), 177 Pa. St. 492, 35 Atl. 612; *German Ins. Co.* v. *Shader* (1903), 68 Neb. 1, 93 N. W. 972, 60 L. R. A. 918; *Hunt* v. *State Ins. Co.* (1902), 66 Neb. 121, 92 N. W. 921; *Continental Ins. Co.* v. *Cummings* (1904), 98 Tex. 115, 81 S. W. 705. To the same effect, see *Farmers Ins. Assn.* v. *Reavis* (1904), 163 Ind. 321; *Havens* v. *Home Ins. Co.* (1887), 111 Ind. 90, 60 Am. Rep. 689; *Western Assur. Co.* v. *McAlpin* (1899), 23 Ind. App. 220, 77 Am. St. 423; *Hanover Fire Ins. Co.* v. *Dole* (1898), 20 Ind. App. 333.

Within these principles and under these authorities appellant's policy in the hands of appellee, which was untainted by the latter's fraud, so far as the record discloses, should be read and enforced precisely as if said condition had never been in it.

This leads us to another consideration. The condition against the occupancy by a tenant is found as one of a class or group of conditions, separated by the word "or," and appears in a policy executed upon a printed form which, manifestly from the very phrase we

are considering, was designed for exclusive use in insuring houses to be occupied by the owner, and not designed, or even appropriate, without alteration, for use in insuring houses to be occupied as tenements. It is plain that the group of conditions referred to were suitable and intended to be incorporated in policies issued to occupying owners. It is equally plain that all were not suitable or intended to be incorporated in policies issued for tenement occupancies. The policy in suit is in form of the former class, but the contract the parties made is of the latter class. And how shall we know what conditions, if any, are a part of it? We are certain that one appearing in the policy against occupancy by a tenant is not, and we see no possible ground for presuming that any condition of forfeiture was annexed to the insurance contract, as it was agreed upon. This perhaps should end the case as presented by the demurrers, for the answer is wholly based on broken conditions, and if there were no conditions there can be no breaches. Appellant, however, earnestly urges that the condition against vacancy was not waived and was broken. For convenience we repeat the words of the policy that give rise to this controversy:

"This entire policy, unless otherwise provided by agreement indorsed hereon, * * * shall be void, * * * if the buildings insured herein, now are, or shall hereafter become, vacant, or unoccupied, or occupied by tenants."

It may be noted that the prohibitory clauses against vacancy and occupancy by a tenant stand together, separated only by the word "or," in a form of policy that we have seen is suitable and appropriate only for a contract of insurance on a house occupied by the owner. A further reason why both conditions were intended to apply to the same sort of policy is that the occupying owner is in absolute control of the vacancy. If he wants to vacate, it is a matter of convenience that he may arrange with delibertion and in accordance with his best interest, and so may

take plenty of time to see the insurance agent and procure his indorsement of a vacancy permit upon the policy. A tenant has always the right to "move out," with or without notice to his landlord, at the middle or end of his term; and it is very apparent that the landlord has not the control or perfect knowledge of the vacancy of his tenement, as he has of his own dwelling. As to the latter he may, because he knows, reasonably and safely contract that he will not, on a penalty, vacate without first obtaining the company's indorsed consent; while in the former case it would be neither reasonable nor safe, for want of notice of removal, to contract that his policy should be void the moment his tenant should vacate.

But conceding that the condition against vacancy should be considered as embraced in the insurance contract, appellant's case would not be improved. We have seen that the agreement between the parties was for the insurance of a house to be occupied by tenants. The term of insurance was three years. The better reason and clear weight of authority hold to the doctrine that a condition against vacancy and unoccupancy, usually found in insurance policies, must be construed with relation to the character or class of property to which it relates; that it should not have the same interpretation when applied to churches and schoolhouses as when applied to stores and dwellings; nor the same when applied to houses to be occupied by the owner and to houses to be occupied by tenants.

Parties, when negotiating insurance on schoolhouses, know, at the time, because common knowledge, that the houses will be vacant, in a general sense, a large part of the year, and the contract is made with that implied understanding; and it is just as well known, when negotiating or writing a three years' term of insurance on a house to be occupied by tenants, that during the term the probabilities are that there will be some change

of tenants. When such changes occur, as they are liable to in spite of the efforts of the landlord, the necessary and reasonable time intervening between the outgoing and incoming tenant must be held to have been contemplated by the parties, and not intended to affect the validity of the policy, in the absence of something more specific than the general and usual condition against vacancy and unoccupancy. Upon this point the supreme court of Iowa, in *Worley* v. *State Ins. Co.* (1894), 91 Iowa 150, 59 N. W. 16, 51 Am. St. 334, said: "It must surely have been contemplated by the parties that there would be changes of tenants during the life of the policy and that some time would intervene between the going out of one and the coming in of another. The condition against the premises' becoming vacant must have been made in view of this probability, and it was not intended that the lapse of a reasonable time in changing tenants should render the policy void." See, also, to same effect: *Hotchkiss* v. *Phoenix Ins. Co.* (1890), 76 Wis. 269, 44 N. W. 1106, 20 Am. St. 69; *Lockwood* v. *Middlesex Mut. Ins. Co.* (1880), 47 Conn. 553; *Roe* v. *Dwelling-House Ins. Co.* (1892), 149 Pa. St. 94, 23 Atl. 718, 34 Am. St. 595; *German Ins. Co.* v. *Davis* (1894), 40 Neb. 700, 59 N. W. 698; *Traders Ins. Co.* v. *Race* (1892), 142 Ill. 338, 31 N. E. 392; *Dwelling-House Ins. Co.* v. *Walsh* (1888), 10 Ky. Law 282; *Union Ins. Co.* v. *McCullough* (1901), 2 Neb. (Unofficial) 198, 96 N. W. 79; *Shackelton* v. *Sun Fire Office* (1884), 55 Mich. 288, 21 N. W. 343, 54 Am. Rep. 379; *Cummins* v. *Agricultural Ins. Co.* (1876), 67 N. Y. 260, 23 Am. Rep. 111.

There was no error in overruling the demurrer to the second paragraph of the reply.

Appellant also complains of the overruling of its motion for a new trial. It is urged that the court erred in giving to the jury instruction eight, requested by the appellee. This instruction was framed upon the theory of the second para-

graph of reply, and embodied substantially the same language, and what we have said relative to the demurrer to the reply will sustain this instruction as a correct expression of the law. But appellant further argues that it was erroneously given because there was no evidence in the case to which it was applicable. In this it is mistaken. The testimony of appellant's agent, Day, justified the instruction, and upon the controlling facts there was really no conflict in the evidence.

There was also evidence tending to prove a denial 13. of liability within sixty days from the loss, and the cause can not be reversed for insufficiency of evidence on this point.

We find no error. Judgment affirmed.

Montgomery, J., did not participate in the decision of this case.