HARTFORD ACCIDENT & INDEMNITY COMPANY, ETC.
*v.* ARMSTRONG.

[No. 18,583.   Filed June 17, 1955.
Rehearing dismissed September 27, 1955.]

608

*Youngblood, McCray & Clark,* of Evansville, and *Fred Weaver,* of Petersburg, for appellant.

*McDonald & McDonald,* of Princeton, and *Gray & Waddle,* of Petersburg, for appellee.

KELLEY, J.—Appellee recovered a judgment for $2,500.00 against one Harry Suddoth and Cuba Suddoth, his wife, as damages for alleged personal injuries sustained by appellee as a result of the alleged negligent operation by said Cuba Suddoth of a truck owned by said Harry Suddoth. An execution on said judgment proved fruitless.

The present action to enforce the collection of said judgment was brought by appellee against appellant as the insurer which issued and carried, at the time of said occurrence, a liability insurance policy on said truck. The liability policy was issued in Illinois, wherein the said insured resided, and the alleged negligent truck operation and consequent injuries to appellee occurred in Indiana.

To appellee's complaint, appellant answered in two paragraphs, the first being a denial and no information, and the second alleged that the insured failed to give appellant notice of the accident and notice of the institution of appellee's legal action against him, as required by the policy conditions.

Appellee filed two paragraphs of reply to said

answer, the second of which alleged that not more than two or three days after the accident said insured and his wife, Cuba, reported the accident to appellant's agent, through whom the insurance was procured, of the occurrence and the circumstances thereof; that the insured had lost the policy of insurance and did not know the name of the insurer; that said agent told insured that as far as he knew there was no insurance in force, but that he would check his records and advise him; that after appellee's action was filed against said Suddoths, they did not notify appellant thereof because they were unable to find the policy and did not know the name of the insurer and said agent told them they had no insurance on the date of the accident; that thereafter, in February, 1947, said agent advised the insured by letter that he had checked his records and could find no insurance for them as of the date of the accident, March 11, 1945; that the said acts of the appellant prevented said insured from giving the required notices and, by reason thereof, appellant waived and was estopped to claim the defense of failure to give the notices provided for in the policy.

Rhetorical paragraph 7 of said reply alleged that the policy of insurance issued by appellant expressly provided, by endorsement, that "Nothing contained in the policy or any endorsement thereof, nor the violation of any of the provisions of the policy . . . by the insured, shall relieve the company from liability hereunder or from the payment of any such final judgment."

Appellant especially demurred to said Rhetorical paragraph 7 of said reply on the ground that that part of the reply "does not state facts sufficient to constitute a cause of action" against appellant. Said special demurrer was overruled by the court and appellant assigns said ruling as error. The

asserted ground of said special demurrer was not in conformity with the statute, Sec. 2-1026, Burns' 1946 Replacement, and the court committed no available error in overruling it.

Appellant's answer to said second paragraph of appellee's reply closed the issues. The cause was submitted to trial by jury which returned a verdict for appellee in the amount of $4,000.00. Appellee remitted $420.86 and the court rendered judgment on the verdict for appellee and against appellant in the sum of $3,579.14 and costs.

At the conclusion of all the evidence, appellant moved the court to give its tendered Instruction No. C, which would have withdrawn from the jury the issue presented by the allegations of said Rhetorical paragraph 7 of appellee's reply, above referred to. The court refused to give said tendered instruction. The court also refused to give appellant's tendered Instructions No. 7 and No. 8.

Appellant appeals from the overruling of its motion for a new trial. The specifications of said motion which appellant has not waived are: that the verdict of the jury is not sustained by sufficient evidence and is contrary to law; and that the court erred in refusing to give appellant's said tendered Instructions No. C, No. 7 and No. 8.

There was no error in refusing to give said Instruction No. 7. It proposed to tell the jury that before appellee could recover she must prove by a preponderance of the evidence that notice of the accident was given appellant or one of its authorized agents as soon as practicable after the occurrence of the collision. The subject matter of this instruction was fully covered by appellant's given instructions numbered 5, 6 and 9, and by the appellant's

Instruction No. 1, as amended and given by the court. Further, said instruction was mandatory in nature and omitted the element of the issue of waiver and estoppel. *Western and Southern Life Insurance Company* v. *Ross, Administrator* (1930), 91 Ind. App. 552, 171 N. E. 212.

The aforesaid Instructions No. C and No. 8 may be jointly considered since, substantially, they present the same question. The whole suggested enquiry arises out of the fact that the policy issued by appellant bore an endorsement attached to the main or regular policy apparently for the purpose of complying, as is stated in the endorsement, with Section 16 of "The Illinois Truck Act." This endorsement contained the above quoted provision set forth .in Rhetorical paragraph 7 of the second paragraph of appellee's reply to the second paragraph of appellant's answer.

Said requested Instruction No. C would have withdrawn from the jury further consideration of the issue presented by said quoted provision of the endorsement as pleaded in appellee's reply; and said requested Instruction No. 8 would have told the jury that "the said endorsement is not involved in this case and is not an issue for you to consider."

In material substance, appellant's contention is that said endorsement, and the provisions thereof, including the one quoted above, are limited by its terms to claims resulting from the maintenance, operation and use of the insured's trucks "while said truck was within the boundaries of the State of Illinois." However, we think that other instructions tendered by appellant and given by the court rendered immaterial and without vitality the said instructions refused by the court.

By appellant's given Instruction No. 6 the jury was informed that the burden of establishing that notice

of the accident was given appellant as soon as practicable after the accident by the insured, or someone in his behalf, rested upon the appellee. Instruction No. 5, tendered by appellant and given by the court, told the jury that appellant may assert any defense against appellee which it could assert in a suit against it by the insured, and that

> "if Harry E. Suddoth, Cuba Suddoth or someone on their behalf *did not give notice*" to appellant or one of its agents "within a reasonable time" after the occurrence of the accident, "then you are instructed that *your verdict should be for the defendant* Hartford Accident and Indemnity Company."

Appellant's tendered and given Instruction No. 9 instructed the jury that if it found from a preponderance of the evidence

> "that notice of the accident on March 11, 1945 was not given the defendant Hartford Accident and Indemnity Company or one of its authorized agents within a reasonable time after its occurrence *then the plaintiff cannot recover* even though you find from a preponderance of the evidence that the conditions of the insurance policy relative to giving notice of claim being made or suit being filed was complied with. In other words, there are two separate conditions involved and a noncompliance with either *defeat the plaintiff's right to recover.*"

It is apparent, then, that under said instructions which were tendered by and given on behalf of the appellant, the jury was admonished that the appellee could not prevail in the action unless the jury found from a preponderance of the evidence that the insured had given to appellant, or its authorized agent, the notices required by the policy provisions. Said instructions, therefore, did not permit the jury, in arriving at its verdict, to consider that appellee could recover

without proof of the giving to appellant by the insured of the required notices. Thus, under the instructions given to the jury at appellant's behest, the jury was precluded from considering or giving any effect to the endorsement provision pleaded in Rhetorical paragraph 7 of appellee's second paragraph of reply.

We fail to perceive, and appellant has not pointed out or made apparent to us, that it was in any way prejudiced or harmed by the refusal of the court to give the tendered instructions in question. It is encumbent upon appellant to show either that the refusal of the court to give said instructions was in fact prejudicial to it or that the action of the court, under the particular circumstances, was such that prejudice to appellant will be presumed. Appellant has shown neither. It simply asserts that "error has been committed by the trial court by refusing to give" the tendered instructions.

> "The giving of an erroneous instruction is presumed to be harmful, unless the record affirmatively shows that it was not; but the refusal to give an instruction may or may not be harmful. Hence one who asserts error on such refusal cannot rely upon such assertion, but must go further in this respect and show that such refusal was harmful; for, unless harm resulted to the complaining party, there would be no foundation for complaint." *Indiana Pipe Line Company* v. *Christensen* (1924), 195 Ind. 106, 123, points 13, 14, 143 N. E. 596, 602.

In support of its contention that the evidence is insufficient to sustain the verdict of the jury and that the same is contrary to law, appellant maintains that the notices appellee claims were given were insufficient and that they were not given within the time provided for by the policy.

Appellant says that notice of the accident was not

given its agent for "over a month at the very least" and that the notices were not given "as soon as practicable." The provision in the policy for notice "as soon as practicable" is construed to mean, as the jury was advised by appellant's Instruction No. 3, given by the court, "within a reasonable time after the occurrence of the accident." Where, as here, the evidence is conflicting, the question as to what constitutes a reasonable time under all the circumstances revealed by the evidence, is for the jury. We, of course, are without authority to disturb the verdict of the jury in that regard.

Appellant further asserts that there "is not a bit of evidence as to what was told" its agent "at the time it is contended by appellee that the notice was given." The record discloses that the insured's wife, Cuba, told the agent about the accident "where it happened and all." Another witness, George Henderson, testified that he was present when the agent and Mrs. Suddoth conversed about the accident and that he heard her talking about a wreck she had down by Princeton on Highway 41. No doubt the jury could infer from said evidence that the agent was apprised of the circumstances of the accident.

Finally, appellant proposes that "there is no evidence of a written notice" of any kind and "no showing of any waiver" by appellant of the notice requirement of the policy. However, evidence appears in the record which militates strongly against the appellant's contention. The evidence reflects that appellant's agent, while all the while denying that he had any knowledge of the policy and that he could find no record thereof, yet did not destroy his record thereof until subsequent to the expiration of the policy in June, 1945. Oral notice was given him within four weeks after the acci-

dent by the insured's wife and the insured, himself, notified the agent of the accident the latter part of April or the early part of May, 1945. At those times, from all that appears in the evidence, the agent did have the record of the policy in his possession. The evidence further discloses, that in February, 1947, the agent wrote the insured that he had been unable to find a record of the policy, yet, in March, 1947, the appellant made an investigation of the matter.

It appears that the insured did not know the name of the insurer and knew only the name of said agent from whom the policy was secured and through whom it was issued to the insured. He had lost or misplaced the policy and a thorough, but unsuccessful, search had been made therefor. There is nothing in the record to show negligence on the part of the insured in losing or misplacing the policy or that such loss or misplacement was intentional.

From such facts, it appears to us, and we think the jury could have reasonably so inferred and concluded, that appellant's said agent was either mistaken or negligent. At least, the facts and inferences which the jury was authorized to draw therefrom, tended to establish, in effect, a denial by appellant of the existence of the policy.

The law does not require the doing of a vain or useless thing. *Aetna Insurance Company* v. *Indiana National Life Insurance Company* (1921), 191 Ind. 554, 561, 133 N. E. 4; *Ohio Farmers Insurance Company* v. *Vogel* (1906), 166 Ind. 239, 243, 76 N. E. 977. The denial by an insurer of liability under a policy on the ground that it has not been issued or has expired, operates as a waiver of the performance of the policy conditions precedent,

such as notice, demand, proof of loss, etc., and the insufficiency of the proofs and notices, all of which are thereby dispensed with. *Ohio Farmers Insurance Company* v. *Vogel* (1906), *supra; Aetna Insurance Company* v. *Indiana National Life Insurance Company* (1921), *supra; Western Assurance Company* v. *McAlpin, Executor* (1899), 23 Ind. App. 220, 230, 55 N. E. 119; *Herman Feis* v. *United States Insurance Company* (1924), 112 Neb. 777, 201 N. W. 558, 39 A. L. R. 1008, 1009. A written notice to appellant's agent by the insured would have exerted no greater influence than did the oral notice.

It is further noted that the agent made no objection to the notice or the form thereof. That he acted upon the oral notice may be inferred from the fact that the appellant made an investigation in March, 1947. As stated in *Farmer's Handy Wagon Co.* v. *Casualty Co. of America* (1918), 184 Iowa 773, 167 N. W. 204: "The oral notice, being thus acted on, made the stipulated written notice an idle formality. In these circumstances it is so well settled that the defendant is estopped to defend with the lack of the written notice as that we will cite no authorities for the proposition that it is estopped."

It seems most evident from the record before us that appellant's loss has not been occasioned by fault of the insured but has resulted from the mistake or negligence of its own agent. If either party must suffer from the insurance agent's mistake, it must be the insurance company. 29 Am. Jur., Insurance, Sec. 833, pp. 634-635, note 17.

We think the verdict of the jury is sustained by sufficient evidence and is not contrary to law.

Judgment affirmed.

Royse, J., concurs in result and believes no question is presented in appellant's brief.

NOTE.—Reported in 127 N. E. 2d 347.