**UNITED FARM BUREAU MUTUAL INSURANCE COMPANY, Appellant (Garnishee Defendant Below),**

v.

**Robert M. WAMPLER, Appellee (Plaintiff Below),**

v.

**Christine L. STEPHENS, Appellee (Defendant Below).**

No. 1–1079A274.

Court of Appeals of Indiana, Fourth District.

July 7, 1980.

---

Milo G. Gray, Jr., Kitley & Schreckengast, Beech Grove, for appellant.

Raymond S. Robak, Wolf, Robak & Murphy, Greenfield, for appellee.

YOUNG, Judge.

United Farm Bureau Mutual Insurance Company, appellant, garnishee-defendant [insurer] appeals an order finding liability in a proceeding supplemental action brought by Robert Wampler, appellee, plaintiff [injured] against Christine Stephens appellee, judgment-defendant [insured] and insurer. We affirm.

Wampler sued Stephens for personal injuries and property damage resulting from an automobile accident. A question arose concerning the coverage of Stephens under an insurance policy issued by Farm Bureau. Stephens filed a third-party complaint for a declaration of rights under the insurance

contract. Farm Bureau moved for and was granted a severance of that action. Eventually the severed action was dismissed (pursuant to Ind. Rules of Procedure, Trial Rule 37(B)(4)) on motion of Farm Bureau because Stephens failed to respond to interrogatories. Also, Stephens was defaulted on the negligence action on application by Wampler. No action was taken by Stephens to reopen either of the above matters and no appeal was taken. Wampler then moved for proceedings supplemental to execution naming Stephens as judgment debtor and Farm Bureau as garnishee-defendant. The proceedings culminated in an order finding the insurance covered the accident and Wampler should recover on the policy. Farm Bureau appeals.

Farm Bureau first argues the trial court erred by permitting the issue of liability under the policy to be determined in the proceedings supplemental action. Farm Bureau argues that the dismissal of Stephens' third-party claim operated as an adjudication on the merits. We agree. Stephens could not try the issue of validity of the policy again.[1] Ind. Rules of Procedure, Trial Rules 37(B) and 41(B). However, Farm Bureau asserts this resolution between it and Stephens is res judicata as to Wampler in the proceedings supplemental.

"The fundamental principle of res judicata is that one is not bound by a prior judgment unless he was a party to such action or stands in privity with one who was a party." *Smith v. Midwest Mutual Insurance Co.*, (1972) 154 Ind.App. 259, 289 N.E.2d 788, 793. Wampler was not a party to the severed declaration of rights action. The severance of a claim results in two distinct lawsuits. *Uniroyal, Inc. v. Chambers Gasket and Manufacturing Co.*, (1978) Ind.App., 380 N.E.2d 571, 580. Therefore if Wampler is to be bound by the severed

action, he must have been in privity with Stephens. The determination of privity depends upon the circumstances of each case. 17 I.L.E., *Judgment*, § 422 (1959). Farm Bureau asserts that Wampler would "stand as a third-party beneficiary" to the contractual proceeds of the policy. No authority is cited or is argument made on the third-party beneficiary assertion. We are of the opinion that Wampler was not in privity with either the insurer or insured.

A judgment determining, as between an automobile liability insurer and the insured or a person claiming to be insured, a question of coverage in favor of the insurer does not, as a matter of res judicata, preclude the injured person from litigating the question of coverage in a subsequent action or proceeding instituted by him against the insurer, since the injured person is not in privity with any of the parties in the former proceeding.

7 Am.Jur.2d, *Automobile Insurance* § 229 (1963); *see also,* Anno., 69 A.L.R.2d 858, § 2 (1960).[2]

Appellant states the general rule in Indiana that any grounds for forfeiture of an insurance policy available against the insured may be asserted against the person claiming benefits of the policy. Farm Bureau was allowed to assert the grounds of forfeiture for failure of Stephens to notify the company of a new car. We address the sufficiency of the evidence on this issue later.

Appellant-Farm Bureau next alleges as error that its rights of discovery and to assert affirmative defenses under the trial rules and its right to a jury trial were denied in the proceedings supplemental. First, the garnishee is entitled to defend as to this liability to the judgment

---

1. We are not saying that in the proper circumstances Stephens could not have proceeded according to TR. 41(F) and 60(B) to have the dismissal set aside.

2. Farm Bureau could have sought joinder of Wampler under TR. 19. Then, Wampler would have been a party and bound by the action. *See, e. g., M.F.A. Mutual Insurance Co. v. Cheek*, (1975) 34 Ill.App.3d 209, 340 N.E.2d 331 *affirmed* 66 Ill.2d 492, 6 Ill.Dec. 862, 363 N.E.2d

defendant[3] and is entitled to a jury trial to the extent that its interests in property claimed to be owned by the judgment debtor ordinarily would be settled by an action with the right to a jury trial. *McMahan v. Works*, (1880) 72 Ind. 19; *see American White Bronze Co. v. Clark*, (1890) 123 Ind. 230, 23 N.E. 855; *McCarthy v. McCarthy*, (1973) 156 Ind.App. 416, 297 N.E.2d 441; 4 W. Harvey & R. Townsend, Indiana Practice 459 and 472 (1971). Appellants do not direct our attention to any page in the record that shows where a request for a jury trial was made in the proceedings supplemental portion of this action. The only request for a trial jury we discover in our examination of the record appears in the *severed* separate declaration of rights action. If Farm Bureau wished to have a jury decide this issue and if it was in fact one which could ordinarily be decided by a jury, it has been waived. Second, an answer is generally not required since the proceedings supplemental are considered summary in nature. Any claim or defense can be raised without first answering or responding. However, when an issue as to liability of an insurer arises an answer is proper. *State ex rel. Travelers Insurance Co. v. Madison Superior Court*, (1976) 265 Ind. 287, 354 N.E.2d 188, 191; *American Underwriters, Inc. v. Curtis*, (1979) Ind. App., 392 N.E.2d 516, 519, n. 4. Farm Bureau was permitted to file an answer raising affirmative defenses and in fact, Farm Bureau did file a responsive pleading. (R 113.) *American Underwriters, Inc. v. Curtis, supra*. Third, although alleging it was denied its rights of discovery under the trial rules, Farm Bureau fails to allege what other information it sought by the discovery process. No discovery requests were filed by Farm Bureau in the proceeding supplemental action even though the judgment-debtor, Stephens, to whom we assume such requests would have been directed, was now present. It has not shown any prejudice.

Farm Bureau's final allegation of error is that the order in the proceeding supplemental is not supported by sufficient evidence and is contrary to law. The first argument advanced is that the trial court erred in overruling Farm Bureau's Motion for a Judgment on the Evidence at the close of plaintiff's case. A motion for judgment on the evidence is inappropriate in an action tried to the court. It relates exclusively to jury trials. TR. 50; 3 W. Harvey, Indiana Practice 369 (1970). When the trial is to the court and the party opposing the party with the burden of proof wishes to test the sufficiency of the evidence, that party moves for a dismissal under TR. 41. Trial Rule 41(B) is complementary to TR. 50 in that respect. 3 W. Harvey, Indiana Practice 217 (1970). Treating the motion as one for dismissal under TR. 41, we hold appellant has waived any allegations of error by proceeding with presentation of their own evidence. *Foreman v. State ex rel. Department of Natural Resources*, (1979) Ind.App., 387 N.E.2d 455, 462.

Farm Bureau argues there is no liability under the policy because Stephens' vehicle was not covered by the policy. Viewing the evidence in a light most favorable to the determination of the trial court, there was sufficient evidence to support that determination. *Allstate Insurance Co. v. Morrison*, (1970) 146 Ind.App. 497, 256 N.E.2d 918, 923.

Farm Bureau insured Stephens' 1969 Dodge for six months beginning 8–18–75.[4]

809; *Fourniotis v. Woodward*, (1965) 63 Ill. App.2d 79, 211 N.E.2d 571.

**3.** When a garnishee-defendant denies its indebtedness to the judgment-debtor it has the right to appear and try the issue of indebtedness. *Allstate Insurance Co. v. Morrison*, (1970) 146 Ind.App. 497, 256 N.E.2d 918, 927.

**4.** Relevant portions of the insurance policy include:

[N]ewly acquired automobile means

(1) a replacement automobile that replaces and is used for the same purpose as an owned automobile described in this policy, and

(2) an additional automobile acquired by the named insured and used for the same purpose as an owned automobile provided the company insures all automobiles owned by the named insured on the date of its delivery, and

.  .  .  .  .  .

Sometime after the coverage was initiated, but before the accident on 11–18–75, the Dodge became inoperable. The Stephens then purchased a 1969 Ford. They used the Ford for the same purposes as the Dodge had been used. They owned both cars at the time of the accident, but the Dodge was on blocks and not being used. The Stephens were not sure of the dates of these occurrences. In order to establish the date of purchase, Farm Bureau presented the title, title application and certificate of registration for the 1967 Ford bearing the purchase date of 4–5–75. Farm Bureau claimed the car was an additional automobile of which they were to have notice within thirty days for it to be covered under the current policy. Farm Bureau argues that the car was purchased by the Stephens on 4–5–75 and the accident occurred 11–18–75 without the insurer having received its thirty day notice under the policy. Therefore, it argues the Ford was not covered. To explain the purchase date on the title application Darrell Stephens, Christine's husband, stated that he bought the car from a Don Cooper. The name Sam Cooper appeared on the title. Darrell explained that Don Cooper had purchased the car from Sam Cooper and left his name off the title. Darrell stated he purchased plates and applied for a title approximately a week after he purchased the Ford from Don Cooper. He stated that he did not satisfy any liens against the Ford. The prior title shows a lien released as of 9–26–75. From this evidence, the trial court could reasonably find that the Ford was purchased after 9–26–75 and before 10–9–75, as a replacement car. The policy required notice of a replacement car within one year. Accepting late September or early October as the purchase date of the Ford, the accident was at most two months after the purchase date and still within the one year notice provision of the insurance contract. The trial court's finding of coverage under the policy is supported by the evidence.

2. NEWLY ACQUIRED AUTOMOBILE:
If the named insured acquired a replacement automobile or trailer, he shall notify the company within one year following the date of its delivery to him. If the named insured ac-

Farm Bureau also denies coverage alleging lack of notice of the lawsuit, therefore a lack of cooperation by Stephens. The extent of Farm Bureau's argument on Stephens' failure to notify the company includes only a statement to that effect. The company did receive notice of the suit in the form of the third-party complaint for a declaration of rights after having previously denied coverage under the policy. In fact, having previously denied coverage, the insurance company was not entitled to notice of the suit. *See generally Hartford Accident & Indemnity Co. v. Armstrong,* (1955) 125 Ind.App. 606, 127 N.E.2d 347, 351. Stephens proceeded reasonably in seeking a declaration of rights under the policy before taking any other action in the negligence suit.

Affirmed.

MILLER, P. J., and CHIPMAN, J., concur.

quires an additional automobile or if a relative acquires his first automobile, notice shall be given to the company within 30 days of the date of its delivery. . . .