**AETNA LIFE INSURANCE COMPANY,**
Appellant (Garnishee-Defendant Below),

v.

**ST. JOSEPH'S HOSPITAL, INC. OF
FORT WAYNE,** Appellee
(Plaintiff Below).

No. 92A04–8601–CV–3.

Court of Appeals of Indiana,
Fourth District.

Oct. 7, 1986.

John F. Lyons, John M. Clifton, Jr., Barrett, Barrett & McNagny, Fort Wayne, for appellant.

Denver C. Jordan, Kent C. Parr, Raver, Jordan & Associates, Fort Wayne, for appellee.

YOUNG, Judge.

Aetna Life Insurance Company appeals a jury verdict awarding St. Joseph's Hospital proceeds from a group medical insurance policy covering William Storey. Aetna raises the following issue on appeal:

> Was the hospital bound, in its proceedings supplemental against Aetna, by the T.R. 41(E) dismissal of Storey's third-party complaint against Aetna? [1]

We affirm.

On June 3, 1981, William Storey decided to set fire to his house in order to keep from losing it in a divorce proceeding. He brought three unopened cans of gasoline into the house, and left. After a subsequent change of heart, he returned to the house, and during his efforts to remove the gasoline an explosion occurred causing him serious injury. He was hospitalized at St. Joseph's for two months, incurring a bill of $62,900.69.

Storey submitted a claim to Aetna under his employer's group medical plan. Aetna determined that Storey's injuries were the result of an unlawful act rather than an accident and denied his claim.

On March 25, 1982, the hospital filed suit against Storey for $62,900.69. On April 30, the court granted Storey's motion to bring in Aetna as a third party under Ind. Rules of Procedure, Trial Rule 14. On the same day, the court granted the hospital's motion for summary judgment against Storey.

---

**1.** Aetna raises as additional issues whether the trial court erred in denying its motion to dismiss, motion for summary judgment, and motions for judgment on the evidence. Since all of the motions were based upon the theory of res judicata, our holding on res judicata is dispositive.

On July 26, 1983, the hospital filed a verified motion for proceedings supplemental against Storey and Aetna, as garnishee. On December 8, the matter was set for trial "to a jury on plaintiff's Motion for Proceedings Supplemental against Aetna Insurance Company and defendant's third-party Complaint against Aetna Insurance Company." (R. 147)

On November 5, 1984, Aetna filed a motion pursuant to Ind. Rules of Procedure, Trial Rule 41(E) to dismiss Storey's third-party complaint for failure to prosecute. Two days later, Storey's attorneys petitioned to withdraw from the case, alleging "irreconcilable differences concerning the legal pursuit and evaluation of" Storey's case. (R. 218) On November 19, the court held a hearing on the T.R. 41(E) motion. In opposition to the motion, Storey filed an affidavit, notarized by the hospital's attorney, which stated that Storey intended to obtain new counsel and that he needed additional time to do so.

The court conditionally overruled the T.R. 41(E) motion, granting Storey thirty days to obtain counsel. As of December 28, Storey had not obtained counsel, and the court granted Aetna's motion to dismiss the third-party complaint. On December 31, the hospital filed a motion for reconsideration of the court's November 19 conditional ruling on Aetna's T.R. 41(E) motion. The absence of a ruling on the hospital's motion indicates it was deemed denied. Ind. Rules of Procedure, Trial Rule 53.4(B).

On March 26, 1985, Aetna filed a motion pursuant to Ind. Rules of Procedure, Trial Rule 12(B)(6) to dismiss the proceedings supplemental. Aetna contended that since Storey's claim against it had been dismissed and since the hospital's rights were merely derivative of Storey's, the hospital could no longer maintain the action against Aetna. Thereafter, Aetna filed a supplemental and alternative motion for summary judgment based on the same theories put forth in the T.R. 12(B)(6) motion.

The court denied the motions and the cause was tried by jury. At the close of the hospital's case, Aetna moved for judgment on the evidence pursuant to Ind. Rules of Procedure, Trial Rule 50. The court denied that motion as well as Aetna's renewed motion at the close of all the evidence. The jury returned a verdict for the hospital, from which Aetna appeals.

Aetna contends the T.R. 41(E) dismissal was res judicata regarding its liability under the group medical policy.

> The basic elements of the doctrine of res judicata are: 1) the former judgment must have been rendered by a court of competent jurisdiction; 2) the matter now in issue was, or might have been, determined in the former suit; 3) the particular controversy adjudicated in the former action must have been between parties to the present suit or their privies; and 4) the judgment in the former suit must have been rendered on the merits.

*Carroll v. Lordy* (1982), Ind.App., 431 N.E.2d 118, 125 (*quoting Glass v. Continental Assurance Co.* (1981), Ind.App., 415 N.E.2d 126, 128). The jurisdiction and issue identity elements are undisputably met in this case.

Aetna correctly asserts that because its T.R. 41(E) dismissal of Storey's third-party complaint was a dismissal with prejudice, it operates as an adjudication on the merits for purposes of res judicata. *Aeronautics Commission v. State ex rel. Emmis Broadcasting Corporation* (1982), Ind. App., 440 N.E.2d 700, 703. *See, Davidson v. American Laundry Machinery Division, Martin Sales, McGraw-Edison Co.* (1982), Ind.App., 431 N.E.2d 546. Aetna also correctly asserts that the liability of a garnishee is contingent upon the garnishee holding property due or owing from it to the judgment debtor. *See, Lakeshore Bank & Trust Co. v. United Farm Bureau Mutual Insurance Co.* (1985), Ind. App., 474 N.E.2d 1024; *Allstate Insurance Co. v. Morrison* (1970), 146 Ind.App. 497, 256 N.E.2d 918.

Aetna erroneously contends however that the hospital is therefore barred from pursuing its garnishment remedy against

Aetna. The key determination to be made in this case is whether the hospital is bound, as either a party or a privy, by the T.R. 41(E) dismissal.

In *United Farm Bureau Mutual Insurance Co. v. Wampler* (1980), Ind.App., 406 N.E.2d 1195, we held that a T.R. 37(B)(4) dismissal of the insured's severed third-party claim against the insurer did not bar proceedings supplemental filed by the injured party against the insured and insurer. *Wampler* is remarkably similar to this case in that the dismissals of the insureds' third-party complaints were on the merits and garnishment proceedings were filed against the insured and insurer.[2] In *Wampler,* we held there was no privity between the injured party and either the insured or insurer. *Id.* at 1195.

The determination of privity depends upon the facts and circumstances of each case. *Wampler, supra* at 1197. Aetna presents us with absolutely no argument on the privity issue. We therefore conclude the issue is waived. Ind. Rules of Procedure, Appellate Rule 8.3(A)(7).

In this case, the third-party complaint was not severed from the original action. We therefore must determine whether the hospital was a party to the action dismissed under T.R. 41(E).

When determining identity of parties for res judicata purposes, courts look beyond mere nominal parties and hold estopped only those parties whose interests were directly involved in prior litigation concerning the same subject matter or claim. *Union Insurance Co. v. State ex rel. Indiana Department of Insurance,* (1980) Ind.App., 401 N.E.2d 1372. A 'party' is one 'who is directly interested in the subject matter and had a right to make defense or to control the proceedings and to appeal from the judgment.' *Mayhew v. Deister,* (1969) 144 Ind.App. 111, 244 N.E.2d 448.

*Carroll, supra* at 125.

We are persuaded by the supreme court of Alaska's decision in *Drickersen v. Drickersen* (1976), Alaska, 546 P.2d 162, where it held that, given the permissive language of its trial rule involving third-party complaints, the original plaintiff would not be barred from bringing a subsequent action against the third-party defendant.[3]

It has been stated that the general purpose of Rule 14 is ... to avoid two actions which should be tried together to save the time and cost of a reduplication of evidence, to obtain consistent results from identical or similar evidence, and to do away with the serious handicap to a defendant of a time difference between a judgment against him, and a judgment in his favor against a third-party defendant.... [I]mpleader provided for in Rule 14 is permissive and not compulsory. As Rule 14(a) is presently structured, a third party may now be brought in under Rule 14(a) only on an allegation of liability over to the defendant. Once the third party has been impleaded, the original plaintiff may ' ... assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff....' *In regard to the original plaintiff's claims against the third par-*

---

2. Aetna contends that proceedings supplemental are improper to determine questions such as its liability under the policy. We disagree. *See, Wampler, supra* at 1197–1198. *See also, Morrison, supra,* 256 N.E.2d at 926 (The fact that the insurer denies liability on the policy does not exempt it from garnishment).

3. In *Drickersen,* an automobile driven by Mrs. Drickersen collided with a U.S. Army vehicle. Mr. Drickersen, on behalf of himself and his children as passengers, filed suit against Mrs. Drickersen in a state court. Subsequently, Mr. Drickersen filed suit against the U.S. in federal court. The U.S. filed a third-party complaint against Mrs. Drickersen. Mr. Drickersen asserted no claims against Mrs. Drickersen in the federal litigation. On the third-party claim, the jury found that Mrs. Drickersen was negligent but that her negligence was not the proximate cause of the accident. The federal judge found that the U.S. was not liable to Mr. Drickersen. Based upon the outcome of the federal litigation, Mrs. Drickersen moved in the state court for summary judgment under the theory of res judicata. The court denied the motion, and the Alaska supreme court affirmed.

*ty defendant, Professor Moore holds the view that, 'The plaintiff is not required to assert such a claim, and is not barred from bringing a subsequent action against the third party by his failure to do so.' Thus Professor Moore further concludes that, 'An original party may, but is not obliged to implead a third party, and his failure to do so, or the court's refusal to permit him to do so, affects none of his substantive rights.'* (Emphasis added.)

*Drickersen, supra* at 167–168 (*citing* 3 Moore's Federal Practice 14.04, 14.06, 14.-16(1) ). The court reasoned that "the original plaintiff ought not be forced to simultaneously attack the defendant and defend him." *Drickersen, supra* at 168–169.

The language of Ind. Rules of Procedure, Trial Rule 14(A) is likewise permissive and not mandatory. It provides in part:

... The Plaintiff *may* assert any claim against the third-party defendant.... (Emphasis added.)

We will not penalize the hospital for not directly asserting claims against Aetna under T.R. 14(A). Rather, we hold that the hospital was free to pursue its claims against Aetna in the garnishment proceedings. Accordingly, we affirm.

CONOVER, P.J., and MILLER, J., concur.