LOMONT *v.* STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

[No. 18,910. Filed July 2, 1958.]

*Harry H. Hilgemann, Paul E. Congdon, Robert L. Kaag,* both of counsel, all of Fort Wayne, for appellant.

*J. A. Bruggeman* and *Barrett, Barrett & McNagny,* both of Fort Wayne, for appellee.

PFAFF, C. J.—In September, 1945, appellant was riding in an automobile driven by one Dee J. Coles with the permission of the owner, Herman Schlatter, when it was involved in a collision with an automobile driven by one James Screeton. Schlatter carried a policy of liability insurance on his automobile with appellee.

On the same day of said collision or within a day or two thereafter notice of the accident was given by said Coles to a duly authorized agent of said appellee and a formal notice and proof of the same was executed and delivered to said agent by Herman Schlatter, the named insured on said policy.

In September of 1947 appellant filed a suit for personal injuries against both Coles and Screeton. The action was dismissed as to Screeton and later, following proceedings not material here, judgment was rendered against Coles. Execution was issued and returned unsatisfied and Coles has no property, means or assets with which and out of which the judgment can be satisfied. The named assured, Herman Schlatter, died on the 14th day of October, 1951, after the filing of the action against Coles but before judgment.

Appellant brought this action against appellee to recover the amount of the judgment under the terms of the policy of insurance. The cause was submitted upon an agreed statement of facts resulting in a finding for appellee upon which the court rendered judgment accordingly. Appellant's motion for new trial was overruled and such ruling is here assigned as error.

Appellee admits that Coles was an "additional insured" under the provisions of the policy and that the policy furnished him the same protection as offered the named insured Herman Schlatter. Appellee further admits that Coles was a third party beneficiary under the policy.

Appellee denies liability to appellant "because of the flagrant breach by Coles of the terms and conditions of the policy, the total failure of anyone to give it any notice of the action or damages brought by appellant against Coles, the denial to it of a chance to defend the action against Coles and the denial to it of its day in court by failing to give it a chance to litigate the liability of Coles to appellant for whom it was a mere indemnitor."

It was stipulated that no notice was ever given by appellant or any person on his behalf or by the assured or anyone on his behalf of the filing of the action for damages against Coles and Screeton, and that no process or other papers in connection with the action were ever forwarded to appellee and appellee was not advised concerning developments in the action. Coles did not ask appellee to defend him.

Appellee insurance company, after receiving notice of the collision, made no negotiation or settlement of the claim of the appellant against Coles. It first received notice of the existence of the action against Coles after the rendition of judgment.

It was further stipulated that "the defendant in-

surance company has always denied and is denying liability to the plaintiff Lomont, . . . ."

In the policy sued on, under the heading of "SCHEDULE OF COVERAGES," it is provided that the policy covers G "BODILY INJURY LIABILITY" and H "PROPERTY DAMAGE LIABILITY." Coverage "G" is the only one involved here.

Under the heading of "DEFINITION OF COVERAGES" the policy provides:

"This policy insures for, and the Company agrees to pay, the legal liability imposed upon the Assured for damages resulting from an accident by reason of the ownership, maintenance or use of the described automobile on account of G BODILY INJURY AND/OR DEATH at any time resulting therefrom sustained by any person or persons. H. DAMAGE TO OR DESTRUCTION OF PROPERTY of any description including loss of use thereof."

The following appears under the heading "Additional Benefits under Coverages G and H":

"(1) *Other Drivers Covered.* The protection under Coverages G and H is extended to cover other drivers as follows: The unqualified word 'Assured' wherever used in Coverages G and H and in other parts of this Policy when applicable to these Coverages, includes not only the named Assured, but also any other person or organization while legally using the automobile, . . . ."

Under the heading of "GENERAL CONDITIONS" it is provided:

"(5) *Instructions in Case of Loss.* (a) *Notice and Proof of Loss.* In the event of loss or damage to the automobile, or in the event of accident involving injury to persons or damage to property of others, the Assured, or any person claiming the benefits of this Policy, shall give to the Company, or its authorized agent, written notice as soon as reasonably possible thereafter. . . .

(d) *Forwarding Summons.* If claim be made or action be brought against the Assured for damage

covered under Coverages G or H, the Assured shall immediately notify the company and immediately forward to it every summons or other paper or process served on, or received by, him in connection therewith, and Assured shall keep the Company advised respecting further developments in the nature of claims or suits when and as they come to his knowledge."

As previously stated, the notice required by the above quoted provision (5) (a) of the "GENERAL CONDITIONS" was duly given. The principal controversy here relates to the effect of the failure to notify appellee of the action brought against Coles and to forward "suit papers."

It is appellant's contention that the policy itself, without resort to judicial construction, establishes appellee's liability; that under the terms of the policy where suit is not brought against the named assured but only against an additional insured, there is no requirement that suit papers be forwarded; that if, however, there is any doubt as to the construction of the contract the same must be resolved against the insurance company.

We find no reason for invoking rules of construction. There is no ambiguity involved. *Automobile Underwriters, Inc.* v. *Camp* (1940), 217 Ind. 328, 342, 28 N. E. 2d 68, 128 A. L. R. 1024; *Ebner, Admr.* v. *Ohio, etc. Ins. Co.* (1918), 69 Ind. App. 32, 121 N. E. 315. The policy clearly provides that the unqualified use of the word "Assured," whenever used in coverages G and H and in other parts of the policy when applicable to these coverages, includes not only the named assured but also any other person or organization while legally using the automobile. Clause (5) (d), which provides for the forwarding of suit papers, is applicable to these coverages and these coverages only and, therefore, the word "Assured" as used therein includes not only the named assured but also any other

person legally using the automobile. It was clearly not the intention to extend to other persons insured greater rights or privileges in this respect than those extended to the named insured.

As stated in an annotation 6 A. L. R. 2d 661:

"Many, if not all, policies of liability insurance make the forwarding to the insurer of notices, summons, process or other papers relating to an action against the insured within a certain time a condition precedent of liability on the part of the insurer. Where this is the case, compliance with such a condition is essential in the absence of a sufficient excuse or a waiver, in order to permit a recovery on the policy."

See also 45 C. J. S. *Insurance*, §1048, p. 1274, and *London, etc. Accident Co.* v. *Siwy* (1905), 35 Ind. App. 340, 66 N. E. 481. There was no compliance with this condition precedent.

Appellant argues that assuming the forwarding of suit papers was a condition precedent to liability, such condition was waived by appellee; that a denial of liability under an insurance policy constitutes a waiver of the requirement of giving notice of the filing of an action.

Notice was admittedly given to appellee by both Coles and Schlatter of the happening of the accident shortly after it occurred. However, the insurance company first received notice of the existence of the action against Coles after judgment had been rendered against him over eight years after the happening of the accident. The stipulation in this case is that appellee "has always denied and is denying liability to the plaintiff Lomont." There is nothing in the record to show that appellee ever knew that any claim or assertion of liability was being made against it by appellant during the eight years or until the present action was filed. There is nothing in the record to show to whom, if anyone, the

·denial was communicated or upon what ground the denial was based, whether upon a contention that under the facts appellant was not entitled to recover or upon some other ground. There is nothing to show that by such denial the company disclaimed its liability to indemnify should Coles' liability be established or that it declared its intention not to defend any suit or that anyone was induced to inaction by such denial.

That conditions in insurance policies requiring the forwarding of suit papers may be waived by the company is not disputed. by appellee. However, there is no conduct on the part of the appellee shown by the evidence here which requires the conclusion that such condition was waived. Appellant's final contention is that the trial court erred in sustaining the appellee's motion to make the complaint more specific. Appellant's complaint alleged that "all of the terms of the policy required to be performed by the plaintiff herein have been performed and fulfilled by him." Appellee's motion was to make this allegation more specific by requiring appellant to state whether or not the terms and conditions of the policy had been performed. This motion was sustained. Whereupon appellant amended his complaint to allege that all terms and conditions of the policy have been performed and fulfilled. Appellant relies upon §2-1039, Burns' 1946 Replacement.

Regardless of whether or not error was committed in this ruling, appellant was not harmed thereby. The facts were all stipulated and under such facts appellant may not recover either under the complaint as it was before it was amended or thereafter.

No error which requires the reversal of the judgment below has been shown.

Judgment affirmed.

Crumpacker, J., and Kelley, J., concur.

Author's Note: A review of the history of the Appellate Court reveals that by the Acts of the General Assembly of 1891, ch. 37, p. 39, this court was created consisting of five (5) judges appointed by the governor and the state divided into five (5) appellate districts;

That by the Acts of the General Assembly of 1901, ch. 247, p. 565, and entitled "An Act concerning appeals, increasing the number of judges of the Appellate Court, providing that the same shall sit in two divisions, defining their jurisdiction and the jurisdiction of the Supreme Court, repealing former laws and declaring an emergency."

That thereafter said court sat in two divisions designated as the Appellate Court of Indiana, Division No. 1 and No. 2 respectively, and did so until the May Term of 1926; that 35 judges have served on said court since 1926, a number of whom have served with honor and distinction, a few of whom have been elevated to the Supreme Court of the State of Indiana;

That since the May Term of 1926, this court has sat In Banc without objection by either the bench or bar and thus it would seem that the asserted provision for the division of the court was found to be impracticable and not conducive to the more thorough and well considered opinions resulting from consideration by the full court.

When will this rule confusion cease?

NOTE.—Reported in 151 N. E. 2d 701.