Ellawione L. MILLER and Clifford Miller, Appellants (Plaintiffs Below),

v.

Daniel DILTS and William Dilts, Appellees (Judgment Defendants Below),

State Farm Mutual Automobile Insurance Company, Appellee (Garnishee Defendant Below).

No. 4–183A27.

Court of Appeals of Indiana, Fourth District.

Aug. 31, 1983.
Rehearing Denied Oct. 18, 1983.

---

Daniel J. Harrigan, Bayliff, Harrigan, Cord, Maugans & Russell, P.C., Kokomo, Donald H. Leslie, Marion, for appellants.

Herbert A. Spitzer, Jr., Phillip E. Stephenson, Browne, Torrance, Spitzer, Herriman, Browne & Stephenson, Marion, for appellee.

CONOVER, Presiding Judge.

Ellawione L. Miller and Clifford Miller (Millers) appeal the Delaware Circuit Court's grant of summary judgment to State Farm Mutual Automobile Insurance Company (State Farm).

We reverse.

## ISSUE

Whether the trial court erred in entering summary judgment in favor of the insurance company after determining the insured's failure to give notice of the accident as required by the policy until 7 months after the accident unduly prejudiced the company.

## FACTS

While Daniel Dilts was driving his father's car, it struck the Millers' truck and Mrs. Miller. The Millers were standing by the truck at the time. After the Millers filed suit, State Farm's attorney first appeared for the Dilts, but later withdrew when State Farm learned they had not complied with the notice provision in the policy. State Farm refused to defend the suit.

The Dilts stipulated liability. The trial resulted in a judgment of $27,500 for the Millers. They filed a garnishment action against State Farm to collect it. The trial court entered summary judgment for State Farm, and the Millers appeal.

## DISCUSSION AND DECISION

We have summarized our standard for reviewing a grant of summary judgment as follows:

> When reviewing a grant of summary judgment, we must determine whether there is any genuine issue of material fact, and whether the law was correctly applied. *Hale v. Peabody Coal Company,* (1976) 168 Ind.App. 336, 343 N.E.2d 316. The moving party has the burden of establishing that no material facts are in genuine issue. All doubts and inferences are resolved in favor of the non-moving party. *Smith v. P. & B. Corp.,* (1979) Ind.App., 386 N.E.2d 1232. Accordingly, the products of discovery are liberally construed in the non-moving party's favor. *Podgorny v. Great Central Insurance Co.,* (1974) 160 Ind.App. 244, 311 N.E.2d 640.

A fact is material if its resolution is decisive of either the action or a relevant secondary issue. *Lee v. Weston,* (1980) Ind.App., 402 N.E.2d 23. The factual issue is genuine if it cannot be foreclosed by reference to undisputed facts, but rather requires a trier of fact to resolve the opposing parties' differing versions. *Stuteville v. Downing,* (1979) Ind.App., 391 N.E.2d 629.

In a word, we are to reverse if there is any genuine issue for the trier of fact to determine.

*Perry v. NIPSCO,* (1982) Ind.App., 433 N.E.2d 44, 46.

Our Third District has resolved the question of whether an insurance company must show prejudice to itself before denying coverage due to the insured's non-compliance with the notice provisions of the policy. *Kosanovich v. Meade,* (1983) Ind.App., 449 N.E.2d 1178; *Indiana Insurance Co. v. Williams,* (1983) Ind.App., 448 N.E.2d 1233. Therefore, the sole issue remaining is whether State Farm actually was prejudiced by the Dilts' failure to give the notice required by the policy until 7 months after the accident.

In its order granting State Farm's motion for summary judgment, the trial court included the following finding of fact:

6. That the Court hereby determines that notice was not provided "as soon as practicable" under the existing circumstances, and that substantial prejudice exists to the Garnishee Defendant as a result of the failure to provide timely notice.

The Millers assert a question of fact exists as to whether State Farm was prejudiced by the Dilts' failure to give the required notice. State Farm, however, argues 7 months delay creates a presumption of prejudice. Although such a presumption is supported by cases from other jurisdictions, we have expressly rejected such presumption. *Kosanovich,* 449 N.E.2d at 1180; *Indiana Insurance Co.,* 448 N.E.2d at 1237. Hence, the trial court's "determination" of prejudice to State Farm impermissibly resolved a question exclusively reserved for determination by the trier of fact.

Even when the underlying facts are undisputed, as in this case, summary judgment is inappropriate "where there is a good faith disagreement as to the inferences to be drawn from such facts." *McGinnis v. Public Service Company of Indiana, Inc.,* (1974) 161 Ind.App. 1, 5, 313 N.E.2d 708, 710. We perceive such disagreement in this case. Thus, summary judgment was not appropriate.

Reversed and remanded for further proceedings consistent with this opinion.

MILLER, J., concurs.

YOUNG, J., dissents.