Ellawione L. MILLER and Clifford Miller, Appellants,

v.

Daniel DILTS and William Dilts, Appellees,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.

INDIANA INSURANCE COMPANY, Appellant,

v.

John R. WILLIAMS, d/b/a Williams Motor Sales, John E. Williams, and Sherry Hart, Appellees.

James M. KOSANOVICH, Appellant,

v.

Tom Eugene MEADE, Appellee,

v.

NATIONAL INSURANCE ASSOCIATION, Appellee.

Nos. 584S186, 584S187 and 584S188.

Supreme Court of Indiana.

May 18, 1984.

Rehearings Denied July 12, 13, 1984.

Daniel J. Harrigan, Bayliff, Harrigan, Cord, Maugans & Russell, P.C., Kokomo, Donald H. Leslie, Marion, for appellants in No. 584S186.

Herbert A. Spitzer, Jr., Phillip E. Stephenson, Browne, Torrance, Spitzer, Herriman, Browne & Stephenson, Marion, for appellees in No. 584S186.

Steven R. Crist, Terence M. Austgen, Singleton, Levy, Crist & Johnson, Highland, for appellant in No. 584S187.

John S. Diaz, J. Sebastian Diaz & Assoc., P.C., Portage, for appellees in No. 584S187.

William J. Cohen, Slabaugh, Cosentino, Walker & Shewmaker, Elkhart, for appellant in No. 584S188.

James F. Groves, Lee, Groves & Cotter, South Bend, for National Insurance Association.

PIVARNIK, Justice.

We consider here three causes that come to us on petitions to transfer from the Indiana Court of Appeals. The causes are unrelated but each concerns issues involving the notice provisions found in insurance contracts and we consolidate them only for purposes of our consideration and written opinion so that these issues might be resolved.

*Indiana Insurance Co. v. Williams,* (1983) Ind.App., 448 N.E.2d 1233, comes to us from the Court of Appeals, Third District, as Cause No. 3–782 A 159. The opinion was handed down on May 25, 1983. The cause was originally heard in Lake Superior Court. Indiana Insurance Company had issued an automobile liability policy to the defendant, John E. Williams. On April 20, 1980, at approximately 4:00 a.m., defendant Williams was involved in an automobile accident with Sherry Hart. As a result of the accident, Williams was charged with driving under the influence of alcohol and entered into a court approved plea agreement in which he admitted his guilt. Williams agreed to assume liability for and pay all damages resulting from the automobile accident and to compensate Sherry Hart for her damages. Williams did not give notice of the accident to Indiana Insurance until October 9, 1980, approximately six months after the accident and more than one month after Williams entered into his plea agreement.

Indiana Insurance filed a request for declaratory judgment, asking that the trial court determine that it did not owe Williams any insurance obligation due to his violation of the provisions of the automobile insurance policy: the duty to promptly notify and the duty to cooperate. Later, the insurance company filed a motion for summary judgment with a verified affidavit by the insurance supervisor handling the matter. The trial court initially granted summary judgment in favor of Indiana Insurance, then reversed itself and granted defendants' motion to correct errors based on affidavits submitted by Hart and Williams which challenged the claim of Williams' noncompliance with policy provisions.

The Court of Appeals affirmed the trial court's reversal of summary judgment in a two to one decision (Hoffman, J., dissenting). The Court of Appeals determined that the trial court erred when it accepted and considered the affidavits which were filed with the defendants' motions to correct errors. Indiana Insurance agrees with this holding and does not raise it in this petition to tranfer. The Court of Appeals went on to hold, however, that summary judgment was still improperly granted because the insurance company failed to show that it was *actually* prejudiced by Williams' six month notification delay. (emphasis added) 448 N.E.2d at 1237. The Court of Appeals reasoned that a failure to notify should be treated the same as a failure to cooperate and thus required a showing of prejudice. *Id.*

*Kosanovich v. Meade,* (1983) Ind.App., 449 N.E.2d 1178, Cause No. 3–282 A 30, also comes to us from the Court of Appeals, Third District. The opinion was handed down on June 23, 1983. The cause was originally heard in Elkhart Superior Court. The insured, Tom Meade, was driving his car when it hit Kosanovich's car. Meade had automobile insurance with National Insurance Association. After National and Kosanovich were unable to reach a settlement, Kosanovich brought suit against Meade and obtained a judgment for $7,884.74. Kosanovich then attempted to garnish the proceeds of the insured's policy with National. The insurance company, as garnishee defendant, filed a cross-claim against Meade for a declaratory judgment that under its policy National was no longer obligated to Meade because he failed to give prompt notice of the accident and suit. Kosanovich was allowed to intervene in the cross-claim and filed an answer which contradicted National's claim of not receiving notice. The trial court found that National had been prejudiced by not having had notice of Kosanovich's suit against its insured and, as a result, National was not liable under its policy to Meade. Having

found that National was not liable to Meade, the trial court concluded that Kosanovich could not garnish the policy's proceeds and entered summary judgment in favor of National.

The Court of Appeals, again, in a two to one decision, (Hoffman, J., dissenting) followed its ruling in *Indiana Insurance*, claiming there is no material difference between a notice provision and a cooperation provision in an automobile liability policy. Accordingly, the Court of Appeals found that the trial court had applied an improper standard by not requiring a showing of prejudice to the insurer and reversed the trial court's entry of summary judgment. 449 N.E.2d at 1180. Kosanovich raised a separate issue concerning the Indiana Motor Vehicle Safety—Responsibility and Driver Improvement Act, Ind.Code § 9–2–1–5(c) (Burns Repl.1980), but it is not under consideration on this petition to transfer.

*Miller v. Dilts*, (1983) Ind.App., 453 N.E.2d 299, comes to us from the Court of Appeals, Fourth District, as Cause No. 4–183 A 27. The opinion was handed down on August 31, 1983. The cause was originally heard in Delaware Circuit Court. On February 2, 1979, Daniel Dilts was driving his father's car when it struck the Millers' truck and Mrs. Miller. The Millers were standing by the truck at the time. After the Millers filed suit on September 5, 1979, State Farm Mutual Insurance Company was notified about the accident. The attorney for State Farm first appeared for the Dilts after the suit was filed, but later withdrew in October when State Farm learned the Dilts had not complied with the notice provision in the policy. State Farm refused to defend the suit. After the Dilts stipulated liability, the trial resulted in a judgment of $27,500 for the Millers. The Millers attempted to garnish the amount from State Farm but the trial court entered summary judgment for the insurance company, holding that the insured's failure to give notice until seven months after the accident unduly prejudiced State Farm.

The Fourth District (Young, J., dissenting without opinion) followed the Third District's rulings in *Indiana Insurance* and *Kosanovich* and held that Indiana has rejected the presumption of prejudice where an insured does not promptly notify the insurer about an accident. 453 N.E.2d at 301. The entry of summary judgment was reversed and the case was remanded for further proceedings.

The common question in each of the three transfer cases is whether there is a difference between a duty to give prompt notice and a duty to cooperate in an automobile insurance policy. The insurers contend that an insurance company is entitled to a presumption of prejudice if it receives unreasonably late notice of an automobile accident or cause of action involving its insured, but at the same time they agree that there must be a showing of prejudice if the insured violates the duty to cooperate clause. The Court of Appeals, Third and Fourth Districts, held that there is no difference and that each violation requires a showing of prejudice to the insurer in order to avoid coverage under the policy. As an example of these two clauses, we set out here the provisions that were found in the insurance policy in *Indiana Insurance:*

PART VII—CONDITIONS

The insurance provided by this policy is subject to the following conditions:

A. YOUR DUTIES AFTER ACCIDENT OR LOSS:

1. You must promptly notify us or our agent of any accident or loss. You must tell us how, when and where the accident and loss happened. You must assist in obtaining the names and addresses of any injured persons and witnesses.

2. Additionally, you and other involved insured must:

a. Cooperate with us in the investigation, settlement or defense of any claim or suit. No insured shall, except at his or her own cost, voluntarily make any payment[,] assume any obligation or incur any expense.

The Court of Appeals correctly found in *Indiana Insurance* that the duties to notify and to cooperate are condi-

tions precedent to the insurance company's liability to its insured. *Motorist Mutual Insurance Co. v. Johnson,* (1966) 139 Ind. App. 622, 218 N.E.2d 712; *London Guarantee & Accident Co. v. Siwy,* (1903) 35 Ind.App. 340, 66 N.E. 481. Where prejudice is created by the insured's noncompliance with the policy's provisions, the insurance company is relieved of its liability under the policy. *Motorist,* 139 Ind.App. at 631, 218 N.E.2d at 717. Indiana Insurance contends that prejudice to its ability to prepare an adequate defense is presumed from Williams' six month notification delay. With such a presumption in its favor, Indiana Insurance claims it was not obliged to show actual prejudice that resulted from the unreasonable delay in the giving of notice. The insurance company also contends it was justified in not assuming liability under the cooperation clause since the insured had violated this clause by agreeing to assume liability and promising to pay for all damages resulting from the accident. The Court of Appeals found against the insurance company in both provisions; however, in doing so, it held that the cooperation clause provisions and the notice provisions have the same purpose and effect and, as a result, failure to notify and failure to cooperate in any other manner are to be treated the same. The Third District held that there is no presumption of prejudice to an insurance company when an insured fails to give reasonable and timely notice, thus imposing a burden on the insurance company to show actual prejudice created by late notice as well as actual prejudice caused by failure to cooperate in order to avoid liability under the policy. This is the first time the specific issue has been presented to an appellate court in Indiana. The Court of Appeals was incorrect in this holding and we accordingly grant transfer in all three of these causes and vacate the opinions of the Court of Appeals.

■ The Court of Appeals was correct in interpreting Indiana law to be that an insurance company must show actual prejudice from an insured's noncompliance with the policy's cooperation clause before it can avoid liability under the policy. This issue was clearly and properly decided in *Motorist's Mutual Insurance Co., supra.* Notice was not an issue in *Motorist,* however, as the evidence clearly showed the insurance company was aware of the loss and of the action pending against its insured from its very inception. The question in *Motorist* was a violation of the cooperation clause that created prejudice to the insurance company. In *Motorist,* Farley was the named insured in the policy but the automobile was being driven by a Mr. Gammon when James Johnson was struck and killed. Under the permissive use provisions of the policy, Gammon would have the same rights and privileges under the policy that Farley did if Gammon was driving the automobile with Farley's permission. Farley stated unequivocally that Gammon was driving the automobile without his permission. Gammon insisted from the start that Farley had given him permission to drive the automobile and that he had a right to the protection of the insurance company as an insured driver. When Johnson's estate sued Farley and Gammon, Motorist entered its appearance and defended Farley but refused to represent or defend Gammon, leaving him with private counsel. During the trial Farley changed his story and stated that Gammon was, in fact, driving the automobile with Farley's permission. Motorist claimed both men violated the cooperation clause, thereby placing the company in the untenable position of being severely prejudiced. Motorist alleged two reasons to show a lack of cooperation: Farley falsely stated that he had not given Gammon permission to drive the car; and Gammon and his attorney never forwarded the summons or tendered the defense to Motorist's attorneys.

Although the court in *Motorist* held that Farley breached the cooperation clause by intentionally furnishing false information of a material nature, the court also stated that Motorist was estopped from denying liability for Gammon because it had waived the strict provisions of the policy. "The doctrines of 'waiver' and 'estoppel' extend

to practically every ground upon which an insurer may deny liability." *Travelers Insurance Co. v. Eviston*, (1941) 110 Ind. App. 143, 154, 37 N.E.2d 310, 314. Motorist had waived the strict provisions of the policy by informing Gammon that under the circumstances the policy did not extend any coverage to him. Thus, the insurance company could not claim lack of cooperation when Gammon did not tender his defense, and was estopped to require performance by him.

The court in *Motorist* went on to cite *Frankfort, etc., Ins. Co. v. Lafayette Tel. Co.*, (1922) 79 Ind.App. 663, 129 N.E. 329, for the proposition that "a liability insurer who has breached the contract to defend cannot stand by 'with arms folded' challenging the policy holder's conduct of the defense." 139 Ind.App. at 633, 218 N.E.2d at 718. As for notice provisions, however, the court stated:

"Many cases are cited by appellant on failure to comply with the policy as constituting conditions precedent. These are also readily distinguished from the instant case in that most such cases exhibit facts from which it can be said that insurer had no notice of matters vitally affecting its interests. As pointed out, in the opinion in [*Lomont v. State Farm Mut. Auto. Ins. Co.*, (1958) 128 Ind.App. 645, 151 N.E.2d 701,] at p. 652 of 128 Ind.App., at p. 704 of 151 N.E.2d there the insurance company first received notice of the existence of the action against its unnamed insured 'over eight years after the happening of the accident.' *No comparison can be made here* where the insurer knew the action was pending almost since its inception." (emphasis added)

*Id.*

While the precise issue of whether or not actual prejudice is required whenever the notice provision of an insurance policy is violated has not been discussed until now by the appellate courts in Indiana, the federal courts have decided the issue based on an interpretation of the law in Indiana. In *Hartford Accident & Indem. Co. v. Loch-*

*mandy Buick Sales*, (7th Cir.1962) 302 F.2d 565, the defendant became aware of the accident within three days of its occurrence but notice was not provided to Hartford until twenty-two months later and then only after the judgment defendant received a letter of the injured party's intention to sue. There was some question about whether the defendant should have felt liable for the accident. The court stated that as a general rule an insured may be excused where acting as a reasonably prudent person he believed that he was not liable for the accident. *Id.* at 566. The court determined, however, that both Indiana and several other jurisdictions have questioned whether a reasonably prudent person would have given notice under the specific factual situation. The Court of Appeals for the Seventh Circuit held that as a matter of law the insured did not act as a reasonably prudent person in failing to notify the insurance company of the loss and thus the insurer was under no duty to defend or pay any judgment obtained by the injured party: "We think that the District Court in the case at bar could justifiably conclude that the delay was 'unreasonable in itself,' gave rise to a presumption of prejudice, and that the presumption was not rebutted. The refusal to include the no prejudice finding was not error." *Id.* at 567–68.

The Seventh Circuit again faced this issue in *Ohio Casualty Ins. Co. v. Rynearson*, (7th Cir.1974) 507 F.2d 573. In *Rynearson*, the injured party had been electrocuted while working on the premises of the judgment defendant on May 4, 1969. The judgment defendant became aware of the electrocution but failed to notify Ohio Casualty until May 19, 1971. In a subsequent declaratory judgment action brought by the insurer the lower court granted summary judgment in favor of Ohio Casualty for late notice and an appeal followed to the Seventh Circuit. Again the judgment defendant argued that he would be excused from providing notice because he did not believe he was liable for the accident. While the court recognized that under Indiana law such an excuse may be justified in

some instances, the court also noted in this particular instance the policy clearly required the insured to give notice of any accident resulting in bodily injury. Ohio Casualty was entitled to prompt notice irrespective of whether or not the judgment defendant believed that a claim of damages would arise. *Id.* at 578. The court also found that this particular insured had legal and insurance experience and that he should have been aware of the potential liability because of that knowledge. *Id.* at 578–79. On the issue of prejudice the court again found that where the notice is unreasonably late a presumption of prejudice arises as a matter of law. *Id.* at 579.

█ We agree with the Court of Appeals that we are not bound by federal court decisions in their interpretations of Indiana law. We give respectful consideration to them, however, as we do to decisions in other jurisdictions to aid us in coming to the ultimate conclusion of what the law is in Indiana on a particular issue. In so doing, we find the opinions of the Seventh Circuit Court of Appeals in *Lochmandy* and *Rynearson* to be sound and well grounded in Indiana law. The Seventh Circuit Court of Appeals in both of the above opinions cited *London Guarantee and Accident Co., Ltd. v. Siwy*, (1904) 35 Ind.App. 340, 66 N.E. 481. In *London Guarantee*, London issued a policy of insurance to the East Chicago Iron and Steel Co., an Illinois corporation, insuring against liability for damages to employees on account of injuries while the employees were working. The policy contained the agreements and conditions precedent at issue in the three causes before us here, which required the insured to give notice of the occurrence of an accident and also upon the receipt of notice of any claim on account of an accident. It appears the insurance company was given notice of the accident shortly after its occurrence but was not given notice of the lawsuit filed subsequently. Siwy was injured while working on December 13, 1895. Suit was not commenced until October 12, 1896, and notice was not given to London until the 13th of January,

1897. Judgment was entered for Siwy. The Court of Appeals held:

"This court in the case of *Employers, et., Corp. v. Light, etc., Co.* (1902), 28 Ind.App. 437 [63 N.E. 54], held that the words 'immediate notice,' in a condition of a policy, mean notice within a reasonable time, considering the purpose for which the notice is given and the circumstances of the case. To the same effect are the following cases: *Travelers Ins. Co. v. Myers & Co.* (1900) 62 Ohio St. 529, 57 N.E. 458, 49 L.R.A. 760; *Smith & Dove Mfg. Co. v. Travelers Ins. Co.* (1898), 171 Mass. 357, 50 N.E. 516; *Pickel v. Phenix Ins. Co.* (1889) 119 Ind. 291 [21 N.E. 898]; *Edwards v. Lycoming County Mut. Ins. Co.* (1874), 75 Pa.St. 37. What is reasonable notice is a question of law for the court to determine when the facts are not in dispute. *Baker v. German Fire Ins. Co.* (1890), 124 Ind. 490 [24 N.E. 1041]; *Foster v. Fidelity, etc., Co.* (1898), 99 Wis. 447, 75 N.W. 69, 40 L.R.A. 833.

A condition in a policy of insurance of the kind issued by appellant herein, which requires that the assured shall give immediate notice to the company of a claim for damages on account of an injury to an employe, is a condition precedent. *Underwood Veneer Co. v. London Guarantee, etc., Co.* (1898), 100 Wis. 378, 75 N.W. 996; *Green Bros. v. Northwestern, etc., Ins. Co.* (1893), 87 Iowa 358, 54 N.W. 349; *Smith & Dove Mfg. Co. v. Travelers Ins. Co., supra; Victorian, etc., Co. v. Australian, etc., Co.* (1893), 19 Vict.L.R. 139; *California Sav. Bank v. American Surety Co.* (1898), 87 Fed. 118; *Railway Passenger Assur. Co. v. Burwell* (1873), 44 Ind. 460.

The notice required by the condition as heretofore set out is material, and of the essence of the contract. A failure immediately to give such notice involves an absolute forfeiture which can not be relieved against in equity. It has often been so held, where the condition in a life insurance policy required the payment of the premium on a certain day. *Klein v. Insurance Co.* (1881) 104 U.S. 88, 26

L.Ed. 662; *New York Life Ins. Co. v. Statham* (1876), 93 U.S. 24, 23 L.Ed. 789; *Thompson v. Insurance Co.,* 104 U.S. 252, 26 L.Ed. 765. The same holding necessarily follows where notice is required of the happening of the very thing which the policy is intended to indemnify against. *Victorian, etc., Co. v. Australian, etc., Co., supra.* The failure on the part of the assured to comply with material conditions expressed in insurance policies can not be relieved against in equity, because the court can not put the insurance company in as good condition as if the condition had been performed. *Klein v. Insurance Co., supra.*

*Id.* at 345–46, 66 N.E. at 482–83. The Court of Appeals reversed and ordered a new trial for appellant London.

The question of notice was again considered by the Indiana Court of Appeals in *Hartford Accident & Indem. Co. v. Armstrong,* (1955) 125 Ind.App. 606, 127 N.E.2d 347. It appears there was a conflict in the evidence about whether notice had been given by the insured and whether it had been done within a reasonable time since the occurrence of the accident. While the court noted that the conflicting evidence posed a question for the jury, *id.* at 614, 127 N.E.2d at 350–51, the court also noted in an instruction issue that a proper instruction was given placing the burden upon the insured of establishing that notice of the accident was given the insurance carrier as soon as practicable after the accident. *Id.* at 610–11, 127 N.E.2d at 349.

In *Lomont v. State Farm Mut. Auto Ins. Co.,* (1958) 128 Ind.App. 645, 151 N.E.2d 701, the insured's car was being driven by the insured's friend, with the insured's permission, when it was involved in a collision with another car. The insured notified State Farm about the accident within three days of the occurrence. Two years later a suit was filed against the friend but judgment was not entered until eight years after the collision occurred. It was after judgment was entered that State Farm was told of the lawsuit's existence.

The Court of Appeals quoted from 6 A.L. R.2d 661:

Many, if not all, policies of liability insurance make the forwarding to the insurer of notices, summons, process or other papers relating to an action against the insured within a certain time a condition precedent of liability on the part of the insurer. Where this is the case, compliance with such a condition is essential in the absence of a sufficient excuse or a waiver, in order to permit a recovery on the policy.

It also cited 45 C.J.S. Insurance § 1048 and *London Guarantee, supra,* to show there was no compliance with this condition precedent. The court then determined that there had been no waiver by State Farm and affirmed the trial court's judgment in its favor. This line of reasoning has been followed by Indiana courts when rendering decisions on notice requirements within other types of insurance policies. *Baker, et al. v. German Fire Ins. Co.,* (1890) 124 Ind. 490, 24 N.E. 1041 (fire insurance); *Shedd v. American Credit Indemnity Co.,* (1911) 48 Ind.App. 23, 95 N.E. 316 (credit insurance).

Opinions from other jurisdictions are helpful and persuasive to our determination of the issue here. The United States Court of Appeals, District of Columbia Circuit, held that an eight month delay in providing notice constituted a breach of the condition precedent language of the insurance policy. This breach violated the terms of the policy and the insurer did not need to establish prejudice. *Waters v. American Automotive Ins. Co.,* (D.C.Cir.1966) 363 F.2d 684. A Florida court held that after a four week delay in providing notice no prejudice is required to be shown by the insurer but the burden is upon the party seeking to impose liability to establish a lack of prejudice. *Deese v. Hartford Accident & Indem. Co.,* (Fla.App.1967) 205 So.2d 328. In Georgia, an insurer does not need to prove it was prejudiced by an insured's failure to give notice. The condition precedent of notice is to "be treated in this regard the same way as the condition precedent of forwarding to an insurer copies of the suit and sum-

mons." *Richmond v. Ga. Farm Bur. Mut. Ins. Co.*, (1976) 140 Ga.App. 215, 222, 231 S.E.2d 245, 250. In New Jersey, the insurer does not have to show that it had actually suffered any prejudice when the notice provisions were not complied with by the insured, but a lack of prejudice may be considered in determining the reasonableness of time. *Allstate Ins. Co. v. Campbell*, (1967) 95 N.J.Super. 142, 230 A.2d 179. *See also Sohm v. United States Fidelity & Guaranty Co.*, (6th Cir.1965) 352 F.2d 65; *Hartford Accident & Indem. Co. v. Loyd*, (W.D.Ark.1959) 173 F.Supp. 7; *Stokes v. Beatrice Foods Co.*, (W.D.Okla.1966) 264 F.Supp. 384; *State Farm Mut. Automobile Ins. Co. v. Royal Indem. Co.*, (S.D.W. Va.1974) 374 F.Supp. 495; *B & M Homes, Inc. v. American Liberty Ins. Co.*, (Ala. 1978) 356 So.2d 1195; *Greenway v. Selected Risks Ins. Co.*, (D.C.1973) 307 A.2d 753; *Dillard v. Allstate Ins. Co.*, (1978) 145 Ga.App. 755, 245 S.E.2d 30; *Melton v. Republic Vanguard Ins. Co.*, (Tenn.App. 1976) 548 S.W.2d 313; *Allen v. Western Alliance Ins. Co.*, (1961) 162 Tex. 572, 349 S.W.2d 590.

We agree with Judge Hoffman in his dissent to *Indiana Insurance* in which he found that notice given ten days after the suit was filed and almost seven months after the accident occurred "hardly constitut[ed] timely notice." Judge Hoffman further pointed out that late notice given to an insurer places it in a position that could have been avoided through timely notice, and that the "most cooperative insured cannot erase this prejudice suffered by the insurer" in situations where the scene of the accident changes, or witnesses move away or have their memories lapse, due to the passage of time. 448 N.E.2d at 1238.

■ Because the provisions of the policy with reference to notice were clear, there is no question before this Court concerning a construction of terms or phrases of a contract that are superfluous or meaningless. The terms of an insurance policy should be construed liberally in favor of the insured only if there is an ambiguity in the policy's language. *Cincinnati Ins. Co. v. Mallon*,

(1980) Ind.App., 409 N.E.2d 1100; *Utica Mut. Ins. Co. v. Ueding*, (1977) 175 Ind. App. 60, 370 N.E.2d 373. Where no ambiguity exists the language used in an insurance contract should be given its plain and ordinary meaning. *American States Ins. Co., et al. v. Aetna Life & Cas. Co.*, (1978) 177 Ind.App. 299, 379 N.E.2d 510; *Vernon Fire & Cas. Co. v. American Underwriters, Inc.*, (1976) 171 Ind.App. 309, 356 N.E.2d 693.

■ We conclude, therefore, that the notice provisions in insurance policies are not equivalent to the cooperation clauses and do not serve the same objectives. Failure to cooperate can come about in many ways, some of which may be technical and inconsequential, thereby resulting in no prejudice to the insurance company. An insurance company must show actual prejudice from an insured's noncompliance with the policy's cooperation clause before it can avoid liability under the policy. *Motorist, supra.* The same cannot be said of the notice provision because, as Judge Hoffman stated, "[n]otice is a threshold requirement which must be met before an insurer is even aware that a controversy or matter exists which requires the cooperation of the insured." The notice requirement is "material, and of the essence of the contract." *London Guarantee, supra*, 35 Ind.App. at 345, 66 N.E. at 482. The requirement of prompt notice gives the insurer an opportunity to make a timely and adequate investigation of all the circumstances surrounding the accident or loss. This adequate investigation is often frustrated by a delayed notice. Prejudice to the insurance company's ability to prepare an adequate defense can therefore be presumed by an unreasonable delay in notifying the company about the accident or about the filing of the lawsuit. This is not in conflict with the public policy theory that the court should seek to protect the innocent third parties from attempts by insurance companies to deny liability for some insignificant failure to notify. The injured party can establish some evidence that prejudice did not occur in the particular situation. Once such evidence is

introduced, the question becomes one for the trier of fact to determine whether any prejudice actually existed. The insurance carrier in turn can present evidence in support of its claim of prejudice. Thus, both parties are able to put forth their respective positions in the legal arena.

*Indiana Insurance Co. v. Williams* shows that Indiana Insurance received no notice of the accident until six months after its occurrence and ten days after the lawsuit was filed. *Kosanovich v. Meade* shows that the accident occurred on September 7, 1979, and that the insurance company found out about the accident a little over a month later. A lawsuit was filed but the insurer did not receive notice of this until after default judgment was taken on January 12, 1981. The insurance company became aware of the lawsuit and resultant judgment when it became a garnishee defendant in proceedings supplemental to garnish the proceeds of the policy. *Miller v. Dilts* shows that the accident occurred on February 2, 1979, but notice was not provided to State Farm Mutual Insurance Company until seven months after the accident and five days after the suit was filed.

In *Indiana Insurance v. Williams*, No. 3–782 A 159, transfer is granted and the opinion of the Court of Appeals is vacated. The cause is remanded to the trial court with orders to re-enter summary judgment in favor of Indiana Insurance Company. In the cause of *Kosanovich v. Meade*, No. 3–282 A 30, transfer is granted and the opinion of the Court of Appeals is vacated. Entry of summary judgment in favor of National Insurance Association by the trial court is accordingly affirmed. In the cause of *Miller v. Dilts*, No. 4–183 A 27, transfer is granted and the opinion of the Court of Appeals is vacated. Entry of summary judgment in favor of State Farm Mutual Automobile Insurance Company by the trial court is affirmed.

This opinion is ordered filed in each of the above-captioned cases.

GIVAN, C.J., and HUNTER and PRENTICE, JJ., concur.

DeBRULER, J., not participating.