989 F.2d 502
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Elmer STRATMEYER, Cornelia Stratmeyer and Ag Assets, Inc.,
Plaintiffs-Appellants,
v.
ESTATE of Robert BOOKOUT and Bookout Holsteins, Inc.,
Defendants-Appellees,
and
Indiana Farmers Mutual Insurance Company, Garnishee
Defendant-Appellee.
 No. 92-1092.
 United States Court of Appeals, Seventh Circuit.
 Argued Nov. 9, 1992.
Decided March 16, 1993.
Rehearing Denied May 24, 1993.
 
 1
 Before BAUER, Chief Circuit Judge, CUDAHY, Circuit Judge, and CRABB, District Judge*
 
 ORDER
 
 2
 The plaintiffs sought to collect a judgment rendered against the defendant and, in particular, to recover from the defendant's insurance policies. The district court entered summary judgment for the insurance company based upon the insured's failure to provide the company with adequate notice of the claim and the litigation. The plaintiffs appeal. We affirm.
 
 I.
 
 3
 The defendant, Bookout Holsteins, Inc. (Bookout), sold 52 head of cattle to Ag Assets, Inc., which subsequently leased the cattle to two South Dakota dairy farmers, Elmer and Cornelia Stratmeyer. Bookout delivered the cattle to the Stratmeyers in December 1982. In the spring of 1983, the Stratmeyers suspected that some of their cattle might have been infected with brucellosis, a disease that requires the infected animals to be killed. Eighteen head of cattle tested positive for the disease in June 1983, and the Stratmeyers' herd was eventually slaughtered.
 
 
 4
 The Stratmeyers notified Bookout of the problem in a letter dated July 22, 1983, and Bookout's lawyer inspected the Stratmeyer farm on three occasions in September and October 1983. The Stratmeyers filed suit in October 1983 in South Dakota state court, and Bookout removed the suit to federal court in November. The next month Bookout filed a petition under chapter 11 of the Bankruptcy Code in the Northern District of Indiana and obtained a stay protecting it from creditors; that stay was lifted on June 5, 1984.
 
 
 5
 Bookout gave notice to its insurance company, Indiana Farmers Mutual Insurance Co. (Farmers Mutual), when an agent phoned the Farmers Mutual on March 5, 1984, and mailed copies of litigation materials to its claims department. These documents arrived on March 8. Bookout held six insurance policies with Indiana Farmers; two of these--a farm owner's policy and a commercial umbrella policy--are relevant to the present litigation. Both policies' statements of the insured's duties provide that in the event of an accident or occurrence, "written notice ... shall be given ... to this company ... as soon as practicable" and that if a claim is made or a suit filed, "the insured shall immediately forward to this Company every demand, notice, summons, or other process received by him or his representative." Indiana Farmers commenced an investigation and bore the costs of defending the lawsuit.
 
 
 6
 The jury returned a verdict against Bookout in May 1986. The Stratmeyers subsequently brought this matter before the federal court in Indiana to collect the judgment against Bookout, arguing in part that Bookout's insurance policies covered Bookout and were subject to execution. Indiana Farmers moved for summary judgment, contending that coverage was precluded either under the policies themselves or because of an earlier default judgment declaring that no coverage existed under the policies and that Bookout's failure to give reasonable notice of the claim absolved Indiana Farmers of any duty to cover Bookout.
 
 
 7
 The United States magistrate judge granted summary judgment based upon Bookout's failure to provide Indiana Farmers with timely notice. The district court adopted the ruling and entered judgment for Indiana Farmers. The Stratmeyers appeal.
 
 II.
 
 8
 We review the district court's grant of summary judgment de novo. Under the usual summary judgment standard, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 9
 Analysis of this case focuses upon two central issues: whether summary judgment was appropriate on the basis of the untimeliness of Bookout's notice to Indiana Farmers and, secondly, whether there is any evidence on which a jury could reasonably find that Indiana Farmers was not prejudiced by the delayed notice. See Miller v. Dilts, 463 N.E.2d 257 (Ind.1984).
 
 
 10
 The notice Bookout gave to Indiana Farmers of the Stratmeyers' suit came five months after suit was filed and about eight months after Bookout became aware of the claim. Based upon the clear language of the Indiana Farmers policies here and the remarkable lag between the time Bookout learned of the potential claim and the time it notified Indiana Farmers, summary judgment was appropriately granted, at least as to the untimeliness of notice. The Stratmeyers' argument that the dispute involved "no distinct accident, event or occurrence that would trigger the thought of a claim for which insurance coverage existed," Pl.Br. at 10, is totally untenable, as is their claim that Bookout's delayed notification was excused because Bookout did not realize there was a possibility of coverage. Logic refutes the first proposition; the facts and extensive case law the second.[1] No reasonable jury could find that Bookout notified Indiana Farmers of the occurrence "as soon as practicable" or of the suit "immediately."
 
 
 11
 On the question of prejudice, Miller v. Dilts, 463 N.E.2d 257 (Ind.1984), states that a presumption of prejudice to the insurance company's ability to prepare an adequate defense arises in cases involving an unreasonable delay in notifying the company. Id. at 265. Such a presumption is undoubtedly at work here. Miller also indicates, however, that summary judgment should not be granted if the insured can establish "some evidence" that the insurer was not prejudiced; in that event, the trier of fact would determine whether prejudice existed. Id. at 265-66.
 
 
 12
 The Stratmeyers' assertions that Indiana Farmers was not prejudiced because of the delay do not suffice to rebut the presumption of prejudice and thus render summary judgment improper. The Stratmeyers contend that Indiana Farmers has not provided explicit examples of prejudice--such as documents it could not obtain, witnesses who were no longer available or evidence that it would have settled the claim or provided a better defense of the lawsuit had it been involved in the dispute earlier. Even if that contention were true, which it is not,[2] Indiana Farmers is not required to prove prejudice. And as the lower court points out, "no one, and certainly not the disadvantaged insurance company, can know for sure if a different result would have been obtained if timely notice had been provided." Stratmeyer v. Estate of Robert Bookout, No. 89-17, Mem.Op. at 15 (N.D.Ind. filed Dec. 10, 1991).
 
 
 13
 The Stratmeyers argue somewhat persuasively that factual disputes exist, for example, over whether the inspection of their farm by Bookout's attorney and veterinarian cured any prejudice to Indiana Farmers. While the two parties to this appeal may differ over certain factual issues on the prejudice question, however, the Stratmeyers do not meet their burden of showing "some evidence" to rebut the presumption that Indiana Farmers was prejudiced by the delayed notice. Even if Bookout's previous inspections produced all the beneficial information Indiana Farmers would have acquired had it conducted its own investigation early on, that conclusion cannot be known and at any rate cannot cure the prejudice to Indiana Farmers to the extent to which it may have suffered prejudice through its inability to conduct early settlement negotiations or to interview witnesses when events were still recent. No material issues of fact remain unresolved, then, and the Stratmeyers fail to present evidence on which the jury could reasonably find for them on this question. Accordingly, summary judgment was proper.
 
 III.
 
 14
 For the foregoing reasons, we AFFIRM the district court's entry of summary judgment.
 
 
 
 *
 The Honorable Barbara B. Crabb, Chief Judge of the United States District Court for the Western District of Wisconsin, is sitting by designation
 
 
 [1]
 We see no reason--and the Stratmeyers provide none--that Bookout would not realize that its policies might cover this loss. Couch on Insurance 2d (Rev. ed. 1982) § 49.55 at 286 (stating that insured cannot rely on his mistaken belief that there was no coverage as an excuse for delay in giving notice); see also, Sandefer Oil & Gas, Inc. v. AIG Oil Rig, Inc., 846 F.2d 319, 325 (5th Cir.1988) (lack of knowledge not an excuse); Atlanta Int'l. Properties, Inc. v. Georgia Underwriting Ass'n., 149 Ga.App. 701, 256 S.E.2d 472 (1979) (holding defendant chargeable with awareness of the coverage it solicited); Roudabush v. Insurance Co. of N. America, 1978 Fire & Cas. Cas. (CCH) p 988 (D.D.C. Sept. 15, 1978) (plaintiff's "failure to appreciate his rights and responsibilities" not an excuse)
 
 
 [2]
 The magistrate judge's opinion thoroughly catalogs the various manifestations of prejudice. These include the possibility that Indiana Farmers would have employed an attorney more skilled in insurance defense, that it may have negotiated a favorable settlement, that it lost the chance to interview at least one witness and that it was denied the opportunity to inspect the Stratmeyer farm and, most importantly, the cattle for evidence of causation. Stratmeyer, Mem.Op. at 15-16