**REPUBLIC–FRANKLIN INSURANCE COMPANY, Plaintiff–Appellee,**

v.

**Dianna SILCOX and Howard Silcox, Defendants–Appellants.**

No. 95–2572.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 12, 1996.

Decided Aug. 16, 1996.

Mark J. Roberts, Robert W. Wright (argued), Jerrilyn P. Ramsey, Julia B. Gelinas, Locke, Reynolds, Boyd & Weisell, Indianapolis, IN, for Plaintiff–Appellee.

Yvonne Ferguson–Watkins (argued), Ferguson–Watkins & Harrold, Indianapolis, IN, for Defendants–Appellants.

Before CUDAHY, FLAUM and KANNE, Circuit Judges.

CUDAHY, Circuit Judge.

■ In the ordinary course of things, an insurance company's duty to indemnify its policyholders arises only when it receives timely notice of an accident connected with one of its policies. The duty may arise from tardy notice, however, if there are good reasons for the delay or if the insurance company suffers no prejudice from that delay. The case before us presents the question whether Indiana law would preserve the duty to indemnify when the insurance company received very late notice of an accident related to one of its policies, not from the policyholder, but rather from the victim of the policyholder's tort. The district court held that the insurance company had no duty to indemnify, and we affirm.

## I.

On January 28, 1992, Kelly Strode ran over Dianna Silcox with a 1950 Chevrolet pickup truck and fled the scene of the accident. He could not, however, escape responsibility. Within a few weeks, the police identified him as the driver, and they identified the particular truck he had been driving. Nelda Strode, Kelly's mother, was the owner of the truck, and the certificate of title indicated that she had assumed ownership on January 27, 1992, although Ms. Strode insists that the title was backdated and that she did not actually assume ownership until February 2, 1992.

Silcox and her husband eventually learned of the Strodes' connection with the accident, and, about a year after the accident, they began to pursue compensation. They first turned to Nelda Strode's insurer. Ms. Strode had auto and homeowner's insurance policies with the Republic–Franklin Insurance Company, which was a subsidiary of Utica Mutual Insurance Company. In March 1993, the Silcoxes' lawyer called Utica Mutual, informed it of the accident, and not-

ed that the Silcoxes had a claim against Ms. Strode's homeowner's policy. From the record, it seems that nothing came of this conversation. In July 1993, the Silcoxes continued their pursuit of compensation by suing the Strodes in state court. The Strodes did not defend the suit, and they did not tell Republic–Franklin about it or about the $60,-000 default judgment against them that was entered in November 1993. Once again, the Silcoxes' lawyer had to inform Ms. Strode's insurer about what was happening, passing along the news of the default judgment in January 1994.

Republic–Franklin believed that Nelda Strode's failure to provide timely notice about the Silcoxes' claims relieved it of the duty to indemnify Ms. Strode, under either of her insurance policies. In May 1994, it sued the Silcoxes and the Strodes in the district court, asking for a declaratory judgment that its duty to indemnify was dis-.charged. The district court granted this request by entering summary judgment for Republic–Franklin. In particular, the district court held that Republic–Franklin had no duty to indemnify under the homeowner's policy because that policy expressly excluded coverage for claims arising from the use of a motor vehicle. And it held that the company had no duty to indemnify under the auto insurance policy because that policy required prompt notice of accidents, which Ms. Strode did not provide. The Silcoxes appeal only the judgment with respect to the auto insurance policy.

## II.

■ A district court should grant summary judgment when the record shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). We undertake a *de novo* review of a district court's decision to grant summary judgment, considering the record according to the same legal standards that the district court employed. *Illinois Conf. of Teamsters and Employers Welfare Fund v. Steve Gilbert Trucking*, 71 F.3d 1361, 1364 (7th Cir.1995). The parties here do not dispute that, in this diversity case, the applicable legal standards are

those of Indiana law, which defines the issues of material fact and furnishes the rules of decision.

 Nelda Strode's auto insurance policy gave her a duty to provide Republic–Franklin with prompt notice of any accident or loss. Indiana law clearly defines the nature of this duty and of its relationship to the duty to indemnify. Because the insurer's ability to discharge its duty to indemnify depends so heavily upon its receipt of prompt notice, the notice provision of an insurance contract is an essential term of the contract. Fulfillment of the duty of prompt notice is therefore a condition precedent to the insurer's duty to indemnify. *Miller v. Dilts*, 463 N.E.2d 257, 260–61 (Ind.1984). A breach of this duty relieves the insurer of any duty to indemnify. *Id.* at 265–66.

Courts applying Indiana law have relied upon different analytical methods for determining when an insured's failure to fulfill his or her duty to notify discharges the insurer's duty to indemnify. Some courts, most notably the Indiana Supreme Court, have held that the duty to notify must be strictly observed, and that any substantial delay in notification constitutes a breach; but they have also held that breaches of the duty can be excused when they cause no prejudice to the insurer. If an insured breaches the duty but seeks to rely on the excuse in court, he or she must offer evidence showing that the insurer suffered no prejudice. Without any such evidence, courts will presume prejudice as a matter of law. *Id.* Other courts have held that late notice of an accident does not breach the duty to notify as long as the insured acted as a reasonable, prudent person would in withholding the notice. *See Ohio Casualty Ins. Co. v. Rynearson*, 507 F.2d 573, 577–78 (7th Cir.1974); *Hartford Accident & Indemnity Co. v. Lochmandy Buick Sales, Inc.*, 302 F.2d 565, 566–67 (7th Cir.1962).

 Although each of these analytical methods involves a different approach to the evidence in a case, they are effectively interchangeable. *See Miller*, 463 N.E.2d at 262–66 (relying upon both *Ohio Casualty* and *Hartford Accident*). This is so because each method depends upon the same fundamental principles about the nature of the duty to notify in insurance contracts. The duty exists to prevent policyholders from disregarding risks of liability because they have a right to indemnification. If the policyholder had no insurance, he or she would, of course, do everything necessary to avoid or minimize liability. This effort involves acquiring relevant evidence about the accident while the evidence is still fresh and seizing every opportunity to negotiate with the injured party or parties. In return for its agreement to indemnify the policyholder, the insurer contracts for a right to prompt notice so that it can do the necessary things to avoid or minimize liability. In ordinary circumstances, notice should follow the accident almost immediately so that the insurer can begin collecting evidence and negotiating. Hence the principle that fulfillment of the duty involves immediate notice. *See Miller*, 463 N.E.2d at 264–65. But tardy notice poses no problem for the insurer if the insurer would not have received any benefit from earlier notice. If the accident was such that no reasonable person would have perceived a risk of liability from it, the provision of late notice does not put the insurer at a disadvantage. If no reasonable risk of liability appears, the insurer, acting as a reasonable person, would not have initiated efforts to defeat or diminish liability. A court may conclude that the absence of injury to the insurer constitutes no breach at all because the insured acted reasonably; or it might conclude that late notice constitutes an excusable breach because the insurer was not prejudiced. *Compare Ohio Casualty*, 507 F.2d at 578–79 with *Miller*, 463 N.E.2d at 265–66. But in either event, the court would rely on the same principle. The provision of notice fulfills the duty to notify when it enables the insurer to do everything that a reasonable person would do to diminish the risk of liability.

This interpretation of the case law facilitates our approach to the district court's ruling and to the Silcoxes' objections to it. In determining whether Republic–Franklin's duty to indemnify had been discharged, the district court followed the approach employed in *Miller*. That is, it noted that Strode herself never notified Republic–

Franklin at all but that the insurance company did receive notice of the accident from the Silcoxes in March 1993, more than a year after its occurrence. The district court then concluded that this delay in notification was sufficient in itself to constitute a breach and that the Silcoxes were not able to introduce any evidence to rebut the presumption of prejudice that accompanies a breach. It therefore held that Republic–Franklin's duty to indemnify was discharged.

■ The Silcoxes challenge the district court's decision by raising arguments that involve each of the two analytical approaches to finding a breach of the duty to notify. The Silcoxes present a rather roundabout argument that summary judgment was inappropriate because material facts relating to the occurrence of a breach were still in dispute. They first suggest that Republic–Franklin's duty to indemnify persists because Ms. Strode acted reasonably in not providing notice. This argument essentially amounts to an assertion that the duty to notify was not breached. According to this argument, Ms. Strode acted reasonably in not notifying Republic–Franklin of the accident because she reasonably believed that her auto insurance policy did not cover the accident. The Silcoxes maintain that this belief was reasonable because Strode did not become owner of the truck until after the accident, even though her title actually predated the accident. Thus the Silcoxes argue that determining whether Ms. Strode breached her duty to notify ultimately depends upon determining whether she effectively owned the truck on the date of the accident, and they argue that this latter determination was a disputed factual matter at the time of summary judgment.

This argument is without merit. The Silcoxes cannot argue that Ms. Strode did not breach her duty to notify. The district court found—and the parties agreed—that Ms. Strode herself *never* notified Republic–Franklin of the accident. Therefore, there can be no question whether Strode breached the duty to notify in her contract with Republic–Franklin. The date upon which Ms. Strode became owner of the vehicle is, as the district court found, irrelevant to the issue of her breach.

■ But it does not seem that the Silcoxes are really arguing that Strode fulfilled her duty to notify. The gravamen of their arguments is that Strode's omission makes no difference to Republic–Franklin's ability to fulfill its duty to indemnify. The real basis of the Silcoxes' appeal is a challenge to the district court's finding that Republic–Franklin suffered prejudice from the lapse of more than a year between the accident and the notice. The Silcoxes contend that the company could not have been prejudiced by Ms. Strode's breach and that, in any event, the district court prematurely decided the question of prejudice. They first suggest that no prejudice is possible here because Kelly Strode's admission of fault for the accident would have left Republic–Franklin defenseless. In addition, they argue that the district court prevented them from showing prejudice by failing to comply with one of their discovery requests. In that request, they asked Republic–Franklin for any documents relating to the accident. They believe that the district court's decision on the summary judgment motion could have been different if this discovery request had been answered.

These arguments are also unavailing. It would have been possible for Republic–Franklin to suffer prejudice from such late notice of the accident even if Kelly and Nelda Strode had lacked any defense to liability. With prompt notice from Ms. Strode, the insurance company might have had an opportunity to collect evidence relevant to the damages that the Silcoxes suffered, and this evidence might have helped the company prove that the Silcoxes were entitled to less than $60,000. Moreover, the company might have been able to negotiate an early settlement with the Silcoxes for less than that amount. The Silcoxes concede that Republic–Franklin knew nothing of the accident for more than a year after its occurrence. Given this admission, they cannot dispute the loss of these opportunities during the period between the accident and Republic–Franklin's receipt of notice about it. As the district court found, this loss is prejudicial, and none of the evidence that the Silcoxes requested

would have rebutted the finding of this prejudice.[1] The district court was correct to find prejudice, even in the face of the Silcoxes' outstanding discovery requests.

For these reasons, the judgment of the district court is

AFFIRMED.

---

**1.** The parties spend some time discussing how notice to Republic–Franklin of the Silcoxes' lawsuit against the Strodes bears on the question of prejudice here. In fact, it has no bearing. Among other things, Nelda Strode's auto insurance policy imposed two duties upon her: the duty to notify Republic–Franklin of accidents and the duty to cooperate with Republic–Franklin in disputes arising from the accidents. According to Strode's policy, providing notice of a lawsuit is part of the duty to cooperate; but the duty to cooperate presents legal questions that are distinct from those associated with the duty to notify. *See Miller,* 463 N.E.2d at 265. Because this case turns on the duty to notify, the question of prejudice relates entirely to notice of the accident—*not notice of the suit.*